## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE: National Prescription Opiate Litigation                    MDL No.  2804

## SCHEDULE OF ACTIONS

| NUMBER | ACTION | DISTRICT COURT | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|
| 1 | Linda Hughes, as Mother of Decedent, Nathan Hughes<br><br>v.<br><br>Mallinckrodt Brand Pharmaceuticals; KVK-Tech, Inc.; Impax Laboratories, Inc.; Actavis Generics; Amneal Pharmaceuticals of New York, LLC; West-Ward Pharmaceuticals Corp.; Par Pharmaceuticals, Inc.; Advanced Pain Specialists, Inc.; Comprehensive Pain Specialists, LLC; and Dr. Christopher Creighton | E.D. Missouri – Eastern Division | 4:17-cv-02426 | Judge John A. Ross |

# U.S. District Court
## Eastern District of Missouri (St. Louis)
## CIVIL DOCKET FOR CASE #: 4:17-cv-02426-JAR

Hughes v. Mallinckrodt Brand Pharmaceuticals, Inc et al
Assigned to: District Judge John A. Ross
Case in other court: Circuit Court of the City of St. Louis,
    1722-CC11044
Cause: 28:1332 Diversity-Contract Dispute

Date Filed: 09/18/2017
Jury Demand: Both
Nature of Suit: 367 Personal Injury:
Health Care/Pharmaceutical Personal
Injury Product Liability
Jurisdiction: Diversity

#### Plaintiff

**Linda Hughes**
*as mother of decedent Nathan Hughes*

represented by **Gary K. Burger , Jr.**
BURGER LAW, LLC
500 N. Broadway
Suite 1350
St. Louis, MO 63102
314-542-2222
Fax: 314-434-4459
Email: gary@burgerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

#### Defendant

**Mallinckrodt Brand
Pharmaceuticals, Inc**

represented by **Bryan T. Pratt**
SHOOK AND HARDY, LLP
2555 Grand Boulevard
Kansas City, MO 64108
816-474-6550
Fax: 816-421-4066
Email: bpratt@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ann M. Songer**
SHOOK AND HARDY, LLP
2555 Grand Boulevard
Kansas City, MO 64108
816-474-6550
Fax: 816-421-5547
Email: asonger@shb.com
*ATTORNEY TO BE NOTICED*

**Brice Nengsu Kenfack**
SHOOK AND HARDY, LLP

2555 Grand Boulevard
Kansas City, MO 64108
816-474-6550
Email: bkenfack@shb.com
*ATTORNEY TO BE NOTICED*

**Robert T. Adams**
SHOOK AND HARDY, LLP
2555 Grand Boulevard
Kansas City, MO 64108
816-474-6550
Fax: 816-421-5547
Email: rtadams@shb.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**KVK-Tech, Inc.**                    represented by   **Caroline M. Tinsley**
BAKER AND STERCHI, LLC
1010 Market Street
Suite 950
St. Louis, MO 63101
314-231-2925
Fax: 314-231-4857
Email: tinsley@bscr-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Earl Rice , Jr.**
BAKER AND STERCHI, LLC
2400 Pershing Rd.
Suite 500
Kansas City, MO 64108-2533
816-471-2121
Fax: 816-472-0288
Email: rice@bscr-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Megan Sterchi Lammert**
BAKER AND STERCHI, LLC
1010 Market Street
Suite 950
St. Louis, MO 63101
314-231-2925
Fax: 314-231-4857
Email: msterchi@bscr-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Impax Laboratories, Inc.**                    represented by  **Charles Zachary Vaughn**
WIEDNER AND MCAULIFFE
One N. Franklin
Suite 1900
Chicago, IL 60606
312-855-1105
Fax: 312-855-1792
Email: czvaughn@wmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kali Enyeart Book**
GOODELL AND DEVRIES
One South Street
Suite 2000
Baltimore, MD 21202
410-783-4988
Fax: 410-783-4040
Email: kbook@gdldlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas Joseph Cullen , Jr.**
GOODELL AND DEVRIES
One South Street
Suite 2000
Baltimore, MD 21202
410-783-4019
Fax: 410-783-4040
Email: tjc@gdldlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Actavis Generics**

**Defendant**
**Amneal Pharmaceuticals of New**          represented by  **James W. Childress**
**York, LLC**                                              CHILDRESS AND AHLHEIM, LLC
1010 Market St.
Suite 500
St. Louis, MO 63101
314.621.9800
Fax: 314.621.9802
Email: jchildress@jchildresslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle R. Gilboe**
BOWMAN AND BROOKE LLP
150 S. Fifth Street
Suite 3000
Minneapolis, MN 55402
612-339-8682
Fax: 612-672-3200
Email:
michelle.gilboe@bowmanandbrooke.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Gordon Childs**
BOWMAN AND BROOKE LLP
2901 Via Fortuna Dr.
Suite 500
Austin, TX 78746
512-874-3800 x3819
Fax: 512-874-3801
Email:
bill.childs@bowmanandbrooke.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**West-Ward Pharmaceuticals Corp.**    represented by  **Booker T. Shaw**
THOMPSON COBURN, LLP
One US Bank Plaza
505 N. 7th Street
St. Louis, MO 63101
314-552-6087
Fax: 314-552-7087
Email: bshaw@thompsoncoburn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Felicia R. Williams**
THOMPSON COBURN, LLP
One US Bank Plaza
505 N. 7th Street
St. Louis, MO 63101
314-552-6277
Fax: 314-552-7277
Email: fwilliams@thompsoncoburn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan Lori Werstak**

THOMPSON COBURN, LLP
One US Bank Plaza
505 N. 7th Street
St. Louis, MO 63101
314-552-6350
Fax: 314-552-7000
Email: swerstak@thompsoncoburn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**PAR Pharmaceutical, Inc.**                    represented by   **Catherine L. Hanaway**
ASHCROFT HANAWAY LLC
222 South Central Ave
Suite 110
St. Louis, MO 63105
314-863-7001
Fax: 314-863-7008
Email:
Catherine.Hanaway@huschblackwell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christine F. Miller**
HUSCH BLACKWELL, LLP
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105
314-480-1500
Fax: 314-480-1505
Email: chris.miller@huschblackwell.com
*ATTORNEY TO BE NOTICED*

**Lindsay L. McClure-Hartman**
HUSCH BLACKWELL, LLP
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105
314-345-6450
Fax: 314-480-1505
Email: Lindsay.McClure-
Hartman@huschblackwell.com
*ATTORNEY TO BE NOTICED*

**Mary Patricia Carl**
HUSCH BLACKWELL, LLP
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105

314-480-1500
Fax: 314-480-1505
Email:
marypat.carl@huschblackwell.com
*ATTORNEY TO BE NOTICED*

**Robert Jacob Hurtt , Jr.**
HUSCH BLACKWELL, LLP
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105
314-680-5814
Email: rob.hurtt@huschblackwell.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Advanced Pain Specialists, Inc.**

**Defendant**

**Comprehensive Pain Specialists, LLC**      represented by    **Aaron I. Mandel**
BRINKER AND DOYEN LLP
34 N. Meramec Ave.
Fifth Floor
St. Louis, MO 63105
314-863-6311
Fax: 314-863-8197
Email: amandel@brinkerdoyen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James C. Thoele**
Brinker & Doyen, L.L.P.
34 N. Meramec Avenue
5th Floor
Clayton, MO 63105
314-863-6311
Fax: 314-863-8197
Email: jthoele@brinkerdoyen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Christopher Creighton**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/18/2017 | 1 | NOTICE OF REMOVAL from Circuit Court of the City of St. Louis, case number 1722-CC11044, with receipt number 0865-6150087, in the amount of |

| | | |
|---|---|---|
| | | $400 Jury Demand,, filed by Mallinckrodt Brand Pharmaceuticals, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Civil Cover Sheet)(Pratt, Bryan) (Additional attachment(s) added on 9/19/2017: # 6 Original Filing Form) (BAK). (Entered: 09/18/2017) |
| 09/18/2017 | 2 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Mallinckrodt Brand Pharmaceuticals, Inc Sent To: State Court - Unexecuted (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Pratt, Bryan) Modified on 9/19/2017 (BAK). (Entered: 09/18/2017) |
| 09/18/2017 | 3 | DISCLOSURE OF ORGANIZATIONAL INTERESTS CERTIFICATE by Defendant Mallinckrodt Brand Pharmaceuticals, Inc. Subsidiaries: Mallinckrodt plc, Publicly held company: Mallinckrodt plc,. (Pratt, Bryan) (Entered: 09/18/2017) |
| 09/19/2017 | 4 | Petition (Removal/Transfer) Received From: Circuit Court, City of St. Louis, filed by Linda Hughes.(BAK) (Entered: 09/19/2017) |
| 09/19/2017 | 5 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Mallinckrodt Brand Pharmaceuticals, Inc Sent To: Plaintiff (BAK) (Entered: 09/19/2017) |
| 09/19/2017 | | Case Opening Notification: All non-governmental organizational parties (corporations, limited liability companies, limited liability partnerships) must file Disclosure of Organizational Interests Certificate (moed-0001.pdf). Judge Assigned: U.S. District Judge John A. Ross. (BAK) (Entered: 09/19/2017) |
| 09/21/2017 | 6 | Consent MOTION for Extension of Time to File Answer re 4 Petition (Removal/Transfer) by Defendant Mallinckrodt Brand Pharmaceuticals, Inc. (Attachments: # 1 Text of Proposed Order)(Pratt, Bryan) (Entered: 09/21/2017) |
| 09/21/2017 | 7 | ENTRY of Appearance by Robert T. Adams for Defendant Mallinckrodt Brand Pharmaceuticals, Inc. (Adams, Robert) (Entered: 09/21/2017) |
| 09/21/2017 | 8 | ENTRY of Appearance by Ann M. Songer for Defendant Mallinckrodt Brand Pharmaceuticals, Inc. (Songer, Ann) (Entered: 09/21/2017) |
| 09/21/2017 | 9 | ENTRY of Appearance by Brice Nengsu Kenfack for Defendant Mallinckrodt Brand Pharmaceuticals, Inc. (Nengsu Kenfack, Brice) (Entered: 09/21/2017) |
| 09/22/2017 | 10 | Docket Text ORDER: Re: 6 Consent MOTION for Extension of Time to File Answer re 4 Petition (Removal/Transfer) by Defendant Mallinckrodt Brand Pharmaceuticals, Inc. (Attachments: # 1 Text of Proposed Order)(Pratt, Bryan) ; ORDERED GRANTED( Response to Court due by 10/20/2017.). Signed by District Judge John A. Ross on 9/22/2017. (CLO) (Entered: 09/22/2017) |
| 09/25/2017 | 11 | ENTRY of Appearance by Caroline M. Tinsley for Defendant KVK-Tech, Inc.. (Tinsley, Caroline) (Entered: 09/25/2017) |
| 09/25/2017 | 12 | DISCLOSURE OF ORGANIZATIONAL INTERESTS CERTIFICATE by Defendant KVK-Tech, Inc.. Parent companies: None, Subsidiaries: None, Publicly held company: None,. (Tinsley, Caroline) (Entered: 09/25/2017) |
| 09/25/2017 | 13 | ENTRY of Appearance by Megan Sterchi Lammert for Defendant KVK-Tech, Inc.. (Lammert, Megan) (Entered: 09/25/2017) |

| 09/25/2017 | 14 | MOTION for Extension of Time to File Answer *or Otherwise Respond to Plaintiff's Petition* by Defendant KVK-Tech, Inc.. (Attachments: # 1 Exhibit Exhibit A)(Lammert, Megan) (Entered: 09/25/2017) |
| 09/26/2017 | 15 | Docket Text ORDER: as to KVK-Tech, Inc. Re: 14 MOTION for Extension of Time to File Answer *or Otherwise Respond to Plaintiff's Petition* by Defendant KVK-Tech, Inc.. (Attachments: # 1 Exhibit Exhibit A)(Lammert, Megan) ; ORDERED GRANTED, KVK-Tech, Inc. answer due 11/1/2017. Signed by District Judge John A. Ross on 9/26/2017. (CLO) (Entered: 09/26/2017) |
| 09/29/2017 | 16 | ENTRY of Appearance by Booker T. Shaw for Defendant West-Ward Pharmaceuticals Corp.. (Shaw, Booker) (Entered: 09/29/2017) |
| 09/29/2017 | 17 | ENTRY of Appearance by Felicia R. Williams for Defendant West-Ward Pharmaceuticals Corp.. (Williams, Felicia) (Entered: 09/29/2017) |
| 09/29/2017 | 18 | ENTRY of Appearance by Susan Lori Werstak for Defendant West-Ward Pharmaceuticals Corp.. (Werstak, Susan) (Entered: 09/29/2017) |
| 09/29/2017 | 19 | Consent to Removal by Defendant West-Ward Pharmaceuticals Corp.. (Shaw, Booker) (Entered: 09/29/2017) |
| 09/29/2017 | 20 | DISCLOSURE OF ORGANIZATIONAL INTERESTS CERTIFICATE by Defendant West-Ward Pharmaceuticals Corp.. Parent companies: Hikma Pharmaceuticals PLC, Subsidiaries: West-Ward Pharmaceuticals Corp.,. (Shaw, Booker) (Entered: 09/29/2017) |
| 09/29/2017 | 21 | Consent MOTION for Extension of Time to File Response/Reply *to Plaintiff's Petition* by Defendant West-Ward Pharmaceuticals Corp.. (Attachments: # 1 Exhibit A - Proposed Order)(Shaw, Booker) (Entered: 09/29/2017) |
| 10/06/2017 | 22 | Docket Text ORDER: as to West-Ward Pharmaceuticals Corp. Re: 21 Consent MOTION for Extension of Time to File Response/Reply *to Plaintiff's Petition* filed by West-Ward Pharmaceuticals Corp.; GRANTED - SO ORDERED. (West-Ward Pharmaceuticals Corp. answer due 10/31/2017.) Signed by District Judge John A. Ross on 10/6/17. (KJS) (Entered: 10/06/2017) |
| 10/11/2017 | 23 | ENTRY of Appearance by James W. Childress for Defendant Amneal Pharmaceuticals of New York, LLC. (Childress, James) (Entered: 10/11/2017) |
| 10/11/2017 | 24 | Consent MOTION for Extension of Time to File Response/Reply *to Plaintiff's Petition* by Defendant Amneal Pharmaceuticals of New York, LLC. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Consent Motion)(Childress, James) (Entered: 10/11/2017) |
| 10/11/2017 | 25 | Docket Text ORDER: Re: 24 Consent MOTION for Extension of Time to File Response/Reply *to Plaintiff's Petition* by Defendant Amneal Pharmaceuticals of New York, LLC. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Consent Motion)(Childress, James) ; ORDERED GRANTED ( Response to Court due by 11/10/2017.). Signed by District Judge John A. Ross on 10/11/2017. (CLO) (Entered: 10/11/2017) |
| 10/11/2017 | 26 | ENTRY of Appearance by Catherine L. Hanaway for Defendant PAR Pharmaceutical, Inc.. (Hanaway, Catherine) (Entered: 10/11/2017) |

| 10/11/2017 | 27 | Consent MOTION for Extension of Time to File Answer re 4 Petition (Removal/Transfer) by Defendant PAR Pharmaceutical, Inc.. (Attachments: # 1 Text of Proposed Order)(Hanaway, Catherine) (Entered: 10/11/2017) |
| 10/11/2017 | 28 | DISCLOSURE OF ORGANIZATIONAL INTERESTS CERTIFICATE by Defendant PAR Pharmaceutical, Inc.. Parent companies: Endo International plc.,. (Hanaway, Catherine) (Entered: 10/11/2017) |
| 10/11/2017 | 29 | Consent to Removal by Defendant PAR Pharmaceutical, Inc.. (Hanaway, Catherine) (Entered: 10/11/2017) |
| 10/11/2017 | 30 | ENTRY of Appearance by Lindsay L. McClure-Hartman for Defendant PAR Pharmaceutical, Inc.. (McClure-Hartman, Lindsay) (Entered: 10/11/2017) |
| 10/11/2017 | 31 | ENTRY of Appearance by Christine F. Miller for Defendant PAR Pharmaceutical, Inc.. (Miller, Christine) (Entered: 10/11/2017) |
| 10/12/2017 | 32 | Docket Text ORDER: Re: 27 Consent MOTION for Extension of Time to File Answer re 4 Petition (Removal/Transfer) by Defendant PAR Pharmaceutical, Inc.. (Attachments: # 1 Text of Proposed Order)(Hanaway, Catherine) ; ORDERED GRANTED( Response to Court due by 11/10/2017.). Signed by District Judge John A. Ross on 10/12/2017. (CLO) (Entered: 10/12/2017) |
| 10/12/2017 | 33 | MOTION for Leave to Appear Pro Hac Vice William Gordon Childs. The Certificate of Good Standing was attached.(Filing fee $100 receipt number 0865-6190677) by Defendant Amneal Pharmaceuticals of New York, LLC. (Attachments: # 1 Certificate of Good Standing)(Childs, William) (Entered: 10/12/2017) |
| 10/17/2017 | 34 | ENTRY of Appearance by James C. Thoele for Defendant Comprehensive Pain Specialists, LLC. (Thoele, James) (Entered: 10/17/2017) |
| 10/17/2017 | 35 | MOTION for Extension of: TIME TO FILE RESPONSIVE PLEADING by Defendant Comprehensive Pain Specialists, LLC. (Thoele, James) (Entered: 10/17/2017) |
| 10/18/2017 | 36 | Docket Text ORDER: Re: 33 MOTION for Leave to Appear Pro Hac Vice William Gordon Childs filed by Amneal Pharmaceuticals of New York, LLC; GRANTED - SO ORDERED. 35 MOTION for Extension of TIME TO FILE RESPONSIVE PLEADING filed by Comprehensive Pain Specialists, LLC; GRANTED - SO ORDERED ( Response to Court due by 10/30/2017.) Signed by District Judge John A. Ross on 10/18/17. (KJS) (Entered: 10/18/2017) |
| 10/19/2017 | 37 | MOTION for Leave to Appear Pro Hac Vice Michelle Gilboe. The Certificate of Good Standing was attached.(Filing fee $100 receipt number 0865-6200942) by Defendant Amneal Pharmaceuticals of New York, LLC. (Attachments: # 1 Certificate of Good Standing)(Gilboe, Michelle) (Entered: 10/19/2017) |
| 10/19/2017 | 38 | Consent MOTION for Leave to Enlarge Page Limitation for Defendant Mallinckrodt Brand Pharmaceuticals, Inc.'s Brief in Support of Its Motion to Dismiss Plaintiff's Petition by Defendant Mallinckrodt Brand Pharmaceuticals, Inc. (Songer, Ann) (Entered: 10/19/2017) |
| 10/20/2017 | 39 | |

| | | Docket Text ORDER: Re: 37 MOTION for Leave to Appear Pro Hac Vice Michelle Gilboe. The Certificate of Good Standing was attached.(Filing fee $100 receipt number 0865-6200942) by Defendant Amneal Pharmaceuticals of New York, LLC. (Attachments: # 1 Certificate of Good Standing)(Gilboe, Michelle) ; ORDERED GRANTED. Signed by District Judge John A. Ross on 10/20/17. (JAB) (Entered: 10/20/2017) |
|---|---|---|
| 10/20/2017 | 40 | Docket Text ORDER: Re: 38 Consent MOTION for Leave to Enlarge Page Limitation for Defendant Mallinckrodt Brand Pharmaceuticals, Inc.'s Brief in Support of Its Motion to Dismiss Plaintiff's Petition by Defendant Mallinckrodt Brand Pharmaceuticals, Inc. (Songer, Ann) ; ORDERED GRANTED. Pursuant to the Courts requirements, Defendant Mallinckrodt shall submit a paper courtesy copy to chambers within three (3) days of filing its brief in support of its motion to dismiss. Signed by District Judge John A. Ross on 10/20/17. (JAB) (Entered: 10/20/2017) |
| 10/20/2017 | 41 | MOTION to Dismiss Case by Defendant Mallinckrodt Brand Pharmaceuticals, Inc. (Songer, Ann) (Entered: 10/20/2017) |
| 10/20/2017 | 42 | MEMORANDUM in Support of Motion re 41 MOTION to Dismiss Case filed by Defendant Mallinckrodt Brand Pharmaceuticals, Inc. (Songer, Ann) (Entered: 10/20/2017) |
| 10/23/2017 | 43 | ENTRY of Appearance by James C. Thoele for Defendant Comprehensive Pain Specialists, LLC. (Thoele, James) (Entered: 10/23/2017) |
| 10/24/2017 | 44 | ANSWER to Complaint by Comprehensive Pain Specialists, LLC.(Thoele, James) (Entered: 10/24/2017) |
| 10/24/2017 | 45 | ENTRY of Appearance by Charles Zachary Vaughn for Defendant Impax Laboratories, Inc.. (Vaughn, Charles) (Entered: 10/24/2017) |
| 10/24/2017 | 46 | Consent to Removal by Defendant Impax Laboratories, Inc.. (Vaughn, Charles) (Entered: 10/24/2017) |
| 10/24/2017 | 47 | Consent MOTION for Extension of Time to File Response/Reply to Plaintiff's Petition by Defendant Impax Laboratories, Inc.. (Vaughn, Charles) (Entered: 10/24/2017) |
| 10/24/2017 | 48 | DISCLOSURE OF ORGANIZATIONAL INTERESTS CERTIFICATE by Defendant Impax Laboratories, Inc... (Vaughn, Charles) (Entered: 10/24/2017) |
| 10/27/2017 | 49 | Consent MOTION for Leave to File in Excess of Page Limitation for Defendant West-Ward Pharmaceuticals Corporation's Brief in Support of its Motion to Dismiss Plaintiff's Petition by Defendant West-Ward Pharmaceuticals Corp.. (Shaw, Booker) (Entered: 10/27/2017) |
| 10/27/2017 | 50 | Docket Text ORDER: Re: 47 Consent MOTION for Extension of Time to File Response/Reply to Plaintiff's Petition by Defendant Impax Laboratories, Inc.. (Vaughn, Charles) filed by Impax Laboratories, Inc. ; ORDERED GRANTED ( Response to Court due by 11/15/2017.). Signed by District Judge John A. Ross on 10/27/2017. (CLO) (Entered: 10/27/2017) |
| 10/27/2017 | 51 | |

| | | |
|---|---|---|
| | | Docket Text ORDER: Re: 49 Consent MOTION for Leave to File in Excess of Page Limitation *for Defendant West-Ward Pharmaceuticals Corporation's Brief in Support of its Motion to Dismiss Plaintiff's Petition* by Defendant West-Ward Pharmaceuticals Corp.. (Shaw, Booker) filed by West-Ward Pharmaceuticals Corp. ; ORDERED GRANTED. Pursuant to the Court's requirements, Defendant shall submit a paper courtesy copy to chambers within three (3) days of filing its Brief. Signed by District Judge John A. Ross on 10/27/2017. (CLO) (Entered: 10/27/2017) |
| 10/30/2017 | 52 | ENTRY of Appearance by Thomas Earl Rice, Jr for Defendant KVK-Tech, Inc.. (Rice, Thomas) (Entered: 10/30/2017) |
| 10/30/2017 | 53 | Consent to Removal by Defendant KVK-Tech, Inc.. (Lammert, Megan) (Entered: 10/30/2017) |
| 10/30/2017 | 54 | Consent MOTION for Leave to Enlarge Page Limitation for Memorandum of Law in Support of its Motion to Dismiss by Defendant KVK-Tech, Inc.. (Lammert, Megan) (Entered: 10/30/2017) |
| 10/30/2017 | 55 | DISCLOSURE OF ORGANIZATIONAL INTERESTS CERTIFICATE by Defendant Amneal Pharmaceuticals of New York, LLC.. (Gilboe, Michelle) (Entered: 10/30/2017) |
| 10/31/2017 | 56 | Docket Text ORDER: Re: 54 Consent MOTION for Leave to Enlarge Page Limitation for Memorandum of Law in Support of its Motion to Dismiss by Defendant KVK-Tech, Inc.. (Lammert, Megan) filed by KVK-Tech, Inc. ; ORDERED GRANTED. Pursuant to the Courts requirements, Defendant shall submit a paper courtesy copy to chambers within three (3) days of the date of this Order. Signed by District Judge John A. Ross on 10/31/17. (JAB) (Entered: 10/31/2017) |
| 10/31/2017 | 57 | MOTION to Dismiss Case by Defendant West-Ward Pharmaceuticals Corp.. (Shaw, Booker) (Entered: 10/31/2017) |
| 10/31/2017 | 58 | MEMORANDUM in Support of Motion re 57 MOTION to Dismiss Case filed by Defendant West-Ward Pharmaceuticals Corp.. (Shaw, Booker) (Entered: 10/31/2017) |
| 11/01/2017 | 59 | MOTION to Dismiss Case by Defendant KVK-Tech, Inc.. (Lammert, Megan) (Entered: 11/01/2017) |
| 11/01/2017 | 60 | MEMORANDUM in Support of Motion re 59 MOTION to Dismiss Case filed by Defendant KVK-Tech, Inc.. (Lammert, Megan) (Entered: 11/01/2017) |
| 11/08/2017 | 61 | MEMORANDUM in Opposition re 41 MOTION to Dismiss Case filed by Plaintiff Linda Hughes. (Burger, Gary) (Entered: 11/08/2017) |
| 11/09/2017 | 62 | Consent MOTION for Extension of Time to File Response/Reply *to Plaintiff's Petition* by Defendant PAR Pharmaceutical, Inc.. (Attachments: # 1 Text of Proposed Order)(Miller, Christine) (Entered: 11/09/2017) |
| 11/09/2017 | 63 | Docket Text ORDER: Re: 62 Consent MOTION for Extension of Time to File Response/Reply *to Plaintiff's Petition* by Defendant PAR Pharmaceutical, Inc.. (Attachments: # 1 Text of Proposed Order)(Miller, Christine) ; ORDERED |

|  |  | GRANTED( Response to Court due by 11/27/2017.). Signed by District Judge John A. Ross on 11/9/2017. (CLO) (Entered: 11/09/2017) |
|---|---|---|
| 11/09/2017 | 64 | ENTRY of Appearance by Aaron I. Mandel for Defendant Comprehensive Pain Specialists, LLC. (Mandel, Aaron) (Entered: 11/09/2017) |
| 11/10/2017 | 65 | MOTION to Dismiss :All of Plaintiff's Claims against Amneal Pharmaceuticals Pursuant to Rule 12(b)(6) and 12(b)(1) by Defendant Amneal Pharmaceuticals of New York, LLC. (Gilboe, Michelle) (Entered: 11/10/2017) |
| 11/10/2017 | 66 | MEMORANDUM in Support of Motion re 65 MOTION to Dismiss :All of Plaintiff's Claims against Amneal Pharmaceuticals Pursuant to Rule 12(b)(6) and 12(b)(1) filed by Defendant Amneal Pharmaceuticals of New York, LLC. (Gilboe, Michelle) (Entered: 11/10/2017) |
| 11/14/2017 | 67 | AFFIDAVIT *Pursuant to RSMo Section 538.225* by Plaintiff Linda Hughes. (Burger, Gary) (Entered: 11/14/2017) |
| 11/15/2017 | 68 | MOTION to Dismiss Case by Defendant Impax Laboratories, Inc.. (Vaughn, Charles) (Entered: 11/15/2017) |
| 11/15/2017 | 69 | MEMORANDUM in Support of Motion re 68 MOTION to Dismiss Case filed by Defendant Impax Laboratories, Inc.. (Vaughn, Charles) (Entered: 11/15/2017) |
| 11/15/2017 | 70 | REPLY to Response to Motion re 41 MOTION to Dismiss Case filed by Defendant Mallinckrodt Brand Pharmaceuticals, Inc. (Songer, Ann) (Entered: 11/15/2017) |
| 11/20/2017 | 71 | MOTION for Leave to Appear Pro Hac Vice Thomas J. Cullen, Jr.. The Certificate of Good Standing was attached.(Filing fee $100 receipt number 0865-6248455) by Defendant Impax Laboratories, Inc.. (Attachments: # 1 Certificate of Good Standing)(Cullen, Thomas) (Entered: 11/20/2017) |
| 11/20/2017 | 72 | MOTION for Leave to Appear Pro Hac Vice Kali Book. The Certificate of Good Standing was attached.(Filing fee $100 receipt number 0865-6248591) by Defendant Impax Laboratories, Inc.. (Attachments: # 1 Certificate of Good Standing)(Book, Kali) (Entered: 11/20/2017) |
| 11/20/2017 | 73 | Docket Text ORDER: Re: 71 MOTION for Leave to Appear Pro Hac Vice Thomas J. Cullen, Jr.. by Defendant Impax Laboratories, Inc.. (Cullen, Thomas) 72 MOTION for Leave to Appear Pro Hac Vice Kali Book. by Defendant Impax Laboratories, Inc.. (Book, Kali) ; ORDERED GRANTED. Signed by District Judge John A. Ross on 11/20/2017. (CLO) (Entered: 11/20/2017) |
| 11/26/2017 | 74 | Consent MOTION for Leave to File Out Time by Plaintiff Linda Hughes. (Burger, Gary) (Entered: 11/26/2017) |
| 11/26/2017 | 75 | MOTION for Leave to File Response Brief Out of Time by Plaintiff Linda Hughes. (Burger, Gary) (Entered: 11/26/2017) |
| 11/26/2017 | 76 | RESPONSE in Opposition re 57 MOTION to Dismiss Case filed by Plaintiff Linda Hughes. (Burger, Gary) (Entered: 11/26/2017) |
| 11/26/2017 | 77 |  |

| | | RESPONSE in Opposition re 59 MOTION to Dismiss Case filed by Plaintiff Linda Hughes. (Burger, Gary) (Entered: 11/26/2017) |
|---|---|---|
| 11/27/2017 | 78 | MOTION to Dismiss Case by Defendant PAR Pharmaceutical, Inc.. (Miller, Christine) (Entered: 11/27/2017) |
| 11/27/2017 | 79 | MEMORANDUM in Support of Motion re 78 MOTION to Dismiss Case filed by Defendant PAR Pharmaceutical, Inc.. (Miller, Christine) (Entered: 11/27/2017) |
| 11/28/2017 | 80 | Docket Text ORDER: Re: 75 MOTION for Leave to File Response Brief Out of Time by Plaintiff Linda Hughes. (Burger, Gary), 74 Consent MOTION for Leave to File Out Time by Plaintiff Linda Hughes. (Burger, Gary) ; ORDERED GRANTED. Signed by District Judge John A. Ross on 11/28/17. (JAB) (Entered: 11/28/2017) |
| 11/28/2017 | 81 | Consent MOTION for Extension of Time to File Response/Reply *in Support of its Motion to Dismiss* by Defendant West-Ward Pharmaceuticals Corp.. (Shaw, Booker) (Entered: 11/28/2017) |
| 11/29/2017 | 82 | Docket Text ORDER: GRANTING 81 Consent MOTION for Extension of Time up to an including December 12, 2017 to File Response/Reply *in Support of its Motion to Dismiss* by Defendant West-Ward Pharmaceuticals Corp. ( Response to Court due by 12/12/2017.). Signed by District Judge John A. Ross on 11/29/17. (KKS) (Entered: 11/29/2017) |
| 11/30/2017 | 83 | Consent MOTION for Extension of Time to File Response/Reply *in Support of Its Motion To Dismiss* by Defendant KVK-Tech, Inc.. (Lammert, Megan) (Entered: 11/30/2017) |
| 12/01/2017 | 84 | Docket Text ORDER: GRANTING 83 Consent MOTION for an extension of time to file its Reply in Support of its Motion to Dismiss up to and including Friday, December 15, 2017 by Defendant KVK-Tech, Inc.. ; Re: 59 ( Response to Court due by 12/15/2017.). Signed by District Judge John A. Ross on 12/1/17. (KKS) (Entered: 12/01/2017) |
| 12/12/2017 | 85 | REPLY to Response to Motion re 57 MOTION to Dismiss Case filed by Defendant West-Ward Pharmaceuticals Corp.. (Shaw, Booker) (Entered: 12/12/2017) |
| 12/13/2017 | 86 | NOTICE by Defendant Comprehensive Pain Specialists, LLC *NOTICE IN OPPOSITION (CTO-1)* (Mandel, Aaron) (Entered: 12/13/2017) |
| 12/13/2017 | 87 | MOTION for Leave to *File Response to Defendant Amneal's Motion to Dismiss* File Out of Time by Plaintiff Linda Hughes. (Burger, Gary) (Entered: 12/13/2017) |
| 12/13/2017 | 88 | MOTION for Leave to File Plaintiff's Response to Defendant Par's Motion to Dismiss, Out of Time by Plaintiff Linda Hughes. (Burger, Gary) (Entered: 12/13/2017) |
| 12/13/2017 | 89 | MOTION for Leave to File Plaintiff's Response to Defendant Impax's Motion to Dismiss, Out of Time by Plaintiff Linda Hughes. (Burger, Gary) (Entered: 12/13/2017) |

| 12/13/2017 | 90 | RESPONSE to Motion re 65 MOTION to Dismiss :All of Plaintiff's Claims against Amneal Pharmaceuticals Pursuant to Rule 12(b)(6) and 12(b)(1) filed by Plaintiff Linda Hughes. (Burger, Gary) (Entered: 12/13/2017) |
| --- | --- | --- |
| 12/13/2017 | 91 | RESPONSE to Motion re 78 MOTION to Dismiss Case filed by Plaintiff Linda Hughes. (Burger, Gary) (Entered: 12/13/2017) |
| 12/13/2017 | 92 | RESPONSE to Motion re 68 MOTION to Dismiss Case filed by Plaintiff Linda Hughes. (Burger, Gary) (Entered: 12/13/2017) |
| 12/14/2017 | 93 | REPLY to Response to Motion re 59 MOTION to Dismiss Case filed by Defendant KVK-Tech, Inc.. (Lammert, Megan) (Entered: 12/14/2017) |
| 12/18/2017 | 94 | Docket Text ORDER: GRANTING 87 MOTION for Leave to *File Response to Defendant Amneal's Motion to Dismiss* File Out of Time by Plaintiff Linda Hughes. ; GRANTING 89 MOTION for Leave to File Plaintiff's Response to Defendant Impax's Motion to Dismiss, Out of Time by Plaintiff Linda Hughes. ; GRANTING 88 MOTION for Leave to File Plaintiff's Response to Defendant Par's Motion to Dismiss, Out of Time by Plaintiff Linda Hughes.. Signed by District Judge John A. Ross on 12/18/17. (KKS) (Entered: 12/18/2017) |
| 12/18/2017 | 95 | ENTRY of Appearance by Mary Patricia Carl for Defendant PAR Pharmaceutical, Inc.. (Carl, Mary) (Entered: 12/18/2017) |
| 12/18/2017 | 96 | ENTRY of Appearance by Robert Jacob Hurtt, Jr for Defendant PAR Pharmaceutical, Inc.. (Hurtt, Robert) (Entered: 12/18/2017) |
| 12/18/2017 | 97 | Consent MOTION for Extension of Time to File Response/Reply as to 91 Response to Motion *to Dismiss* by Defendant PAR Pharmaceutical, Inc.. (Attachments: # 1 Text of Proposed Order)(Miller, Christine) (Entered: 12/18/2017) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 12/19/2017 08:55:59 | | | |
| PACER Login: | Goodell_01:2556405:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:17-cv-02426-JAR |
| Billable Pages: | 10 | Cost: | 1.00 |



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1722-CC11044 |
| Plaintiff/Petitioner:<br>LINDA HUGHES | Plaintiff's/Petitioner's Attorney/Address:<br>GARY KARL BURGER JR.<br>500 NORTH BROADWAY<br>SUITE 1750<br>ST. LOUIS, MO 63102 |
| **vs.** | |
| Defendant/Respondent:<br>MALLINCKRODT BRAND<br>PHARMACEUTICALS INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Pers Injury-Other | |

Process Server 1

Process Server 2

Process Server 3

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **IMPAX LABORATORIES INC**
**Alias:**

CORPORATE TRUST CENTER
1209 ORANGE STEET
WILMINGTON, DE 19801

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**August 29, 2017**
_____
Date

*Thomas Kloeppinger*
_____
Thomas Kloeppinger
Circuit Clerk

*CITY OF ST LOUIS*

Further Information: _____

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

1722-CC11044

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

LINDA HUGHES, as Mother of Decedent,    )
NATHAN HUGHES                           )
                                        )
Plaintiff,                              )        Cause No.:
                                        )
v.                                      )
                                        )        Div: 1
MALLINCKRODT BRAND                      )
PHARMACEUTICALS, INC.;                  )
KVK-TECH, INC.; IMPAX LABORATORIES,     )
INC.; ACTAVIS GENERICS;                 )        **JURY TRIAL DEMANDED**
AMNEAL PHARMACEUTICALS OF NEW           )
YORK, LLC; WEST-WARD                    )
PHARMACEUTICALS CORP.;                  )
PAR PHARMACEUTICAL, INC.;               )
ADVANCED PAIN SPECIALISTS, INC.;        )
COMPREHENSIVE PAIN SPECIALISTS, LLC;    )
And DR. CHRISTOPHER CREIGHTON;          )
                                        )
Defendants.                             )

## PETITION

**COMES NOW** Plaintiff Linda Hughes, as Mother of decedent Nathan Hughes,

by and through undersigned counsel, and for her Wrongful Death Petition against

Defendants, alleges and states as follows:

### ALLEGATIONS APPLICABLE TO ALL COUNTS

1.    Plaintiff Linda Hughes is a resident of the City of St. Louis, and is the

mother of Nathan Hughes, an individual who died in the City of St. Louis on July 9,

2016 because of opioid intoxication.

2.    Defendant KVK-Tech, Inc., ("KVK") is a Pennsylvania corporation with its

principal place of business in Pennsylvania. KVK may be served at its corporate

headquarters at 110 Terry Drive, Ste. 200, Newton Pennsylvania.

1

3.     Defendant Impax Laboratories, Inc., ("Impax") is a Delaware corporation with its principal place of business in California Impax may be served through its Registered Agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

4.     Defendant Mallinckrodt Brand Pharmaceuticals, Inc., ("Mallinckrodt") is a Delaware corporation with its principal place of business in Missouri Mallinckrodt may be served through its Registered Agent, CT Corporation System, located at 120 South Central Avenue, Suite 400, Clayton, MO.

5.     Defendant Amneal Pharmaceuticals of New York, LLC, ("Amneal") is a Delaware limited liability corporation with its principal place of business in Pennsylvania. Amneal may be served through its Registered Agent, CT Corporation System, located at 111 Eighth Avenue, New York, New York.

6.     Defendant West-Ward Pharmaceuticals Corporation, ("West-Ward") is a Delaware corporation with its principal place of business in New Jersey. West-Ward may be served through its Registered Agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

7.     Defendant Actavis Generics ("Actavis") is an Ireland corporation, with its principal place of business in New Jersey.   Actavis may be served through its registered agent at 12747 Olive Blvd. Ste 300, St. Louis, Missouri.

8.     Defendant Par Pharmaceutical, Inc. ("Par") is a New York corporation with its principal place of business in New York. Par may be served through its Registered Agent, CT Corporation System, located at 111 Eighth Avenue, Thirteenth Floor, New York, New York.

9.      Defendants Mallinckrodt, KVK, Impax, Actavis, Amneal, Westward, and Par ("Drug Companies") manufacture, market, and sell pain relieving prescription medications, generally called opiates, to citizens of Missouri.  Defendant Drug Companies are subject to personal jurisdiction in Missouri, because they conduct substantial and continuing business in Missouri, and derive substantial economic profits from Missouri.

10.      Defendant Creighton, M.D. is a medical doctor and pain management physician who held himself out to the public in general, and to Nathan in particular, as a medical provider who was able to provide medical services and treatment to patients such as Nathan. Defendant Creighton worked for Defendants APS and CPS.

11.      Defendant Advanced Pain Specialists, Inc. ("APS"), is a Missouri corporation, with its principal place of business in Missouri.  Although it was administratively dissolved, it is a proper party to this case under R.S.Mo. Section 351.476.  At all relevant times, Defendant APS operated as a medical provider, representing and holding itself out to the public, and in particular to Nathan, as a medical provider that was able to render medical services and treatment to patients such as Nathan. APS may be served at the Missouri Secretary of State's Office, 600 W Main Street, Jefferson City, Missouri.

12.      Defendant Comprehensive Pain Specialists, Inc. ("CPS"), is a Tennessee corporation, with its principal place of business in Tennessee. At all relevant times, Defendant CPS operated as a medical provider, representing and holding itself out to the public, and in particular to Nathan, as a medical provider that was able to render medical services and treatment to patients such as Nathan. CPS may be served through

its Registered Agent, National Registered Agents, Inc., located at 800 South Gay Street, Ste. 2021, Knoxville, Tennessee.

13.     Prior to his death, twenty-four year old Nathan Hughes worked in a warehouse as a forklift operator.

14.     In 2013, Nathan injured his back at work, which included herniating an intervertebral disc. This caused him chronic pain. He received physical therapy and pain management.

15.     Nathan later re-injured his back in July of 2014 while lifting a box at work.

16.     After these injuries and before his death, Defendant Creighton treated Nathan for his chronic pain and prescribed him opioid pain medications manufactured by Defendant Drug Companies, including Oxycodone Hydrochloride (manufactured by Defendant KVK), Oxymorphone Hydrochloride (manufactured by Defendants KVK and Impax), Hydromorphone Hydrochloride (manufactured by Defendant Westward), Hydrocodone-Acetaminophen (manufactured by Defendants Mallinckrodt and Actavis), and Oxycodone-Acetaminophen (manufactured by Defendants Amneal and Par).

17.     Defendant Creighton prescribed excessive doses and quantities of opiate pain medication to Nathan between 2014-2016. This prolonged treatment of large quantities of opiate medication caused Nathan's addiction and death by opiate intoxication.

18.     Oxycodone Hydrochloride, Oxycodone-Acetaminophen, Hydromorphone, and Oxymorphone are opiate-based pain-relievers and are classified by the United States Drug Enforcement Administration as schedule II controlled substances with a high risk of addiction, dependence, and abuse.

4

19.     Hydrocodone-Acetaminophen is an opiate-based, synthetic, narcotic pain reliever and is classified by the United States Drug Enforcement Administration as a schedule III controlled substance with a high risk of addiction, dependence, and abuse.

20.     Defendant Creighton treated Nathan through his practice at defendant APS until he sold his practice to defendant CPS in 2015.

21.     Thereafter, Defendant Creighton treated Nathan through Defendant CPS until 2016.

22.     Defendant Creighton regularly prescribed high doses and high quantities of the above listed opiates simultaneously to Nathan as treatment for his spine pain.

23.     Defendant Creighton increased the dosage and quantity of the opiate-based pain-relief medications he prescribed to Nathan over the time Creighton treated Nathan.

24.     Defendant Creighton continued to prescribe the opiate-based pain-relief medications without utilizing any alternative treatments to alleviate Nathan Hughes' spine pain, even though Defendant Creighton knew alternative treatments were available.

25.     During the course of treatment, Nathan became dependent upon and addicted to the opiate-based pain-relief medications prescribed by Defendant Creighton and manufactured by the Defendant Drug Companies named herein.

26.     In June of 2016, Nathan began outpatient rehabilitation treatment for his opioid addiction.  During this treatment, Nathan received counseling, and he was also prescribed methadone to gradually eliminate his dependence on opiates.

27.    Nathan Hughes suffered mental and physical distress, because of this addiction, during his drug rehabilitation program and in his attempts to stop using the opiates made by the Defendant Drug Companies.

28.    On July 9, 2016, Nathan died as a result of an accidental overdose of Fentanyl and Methadone.

29.    Venue is proper in this court pursuant to R.S.Mo § 508.010.

### COUNT I - MEDICAL MALPRACTICE

COMES NOW Plaintiff Linda Hughes, as Mother of decedent Nathan Hughes, by and through undersigned counsel, and for her Medical Malpractice Wrongful Death Petition against Defendant Christopher Creighton, M.D., alleges and states as follows:

30.    Plaintiff adopts and incorporates by reference the above allegations as though fully set forth herein.

31.    During the course of treatment referenced herein, Defendant Creighton committed the following acts of negligence and failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of his profession, in that Creighton:

a.    Failed to properly evaluate and diagnose Nathan;

b.    Failed to conduct the proper diagnostic tests and exams;

c.    Failed to properly treat Nathan Hughes, namely his spine condition and pain;

d.    Failed to recognize the danger of prescribing high quantities of various opiate-based pain-relief medications over a long period of time;

6

    e.    Failed to prescribe or recommend medical treatment other than opiates;

    f.    Failed to properly educate and warn decedent Nathan Hughes of the risk potential of abuse, misuse and addiction with opiates;

    g.    Failed to follow known medical guidelines regarding the prescription of opiates;

    h.    Prescribed too much opiates or failed to reduce the number of opiated prescribed to Nathan, which led to his death;

    i.    Failed to pursue available pain control methods which were less dangerous and addictive;

    j.    Failed to recognize, diagnose, and treat Nathan's addiction; and

    k.    Failed to properly monitor Nathan's drug use.

32.    Defendant Creighton's negligence and carelessness as set forth above directly caused, or directly contributed to cause, Nathan's addiction to opiates, his pain and suffering, and ultimately his death.

33.    As a direct and proximate result of one, several, or all of the foregoing acts of negligence on the part of Defendant Creighton, Plaintiff claims such damages as the trier of fact may deem fair and just for the death and loss of Nathan Hughes pursuant to R.S.Mo § 537.080 and § 537.090.

**WHEREFORE,** Plaintiff Linda Hughes, as mother of deceased Nathan Hughes requests judgment against Defendant Christopher Creighton, M.D., for a sum in excess of the jurisdictional limits of this Court to fully compensate her and her family for the death and loss of Nathan Hughes pursuant to R.S.Mo § 537.080 and § 537.090, and for any further just and proper relief.

7

## COUNT II - MEDICAL MALPRACTICE

COMES NOW Plaintiff Linda Hughes, as Mother of decedent Nathan Hughes, by and through undersigned counsel, and for her Medical Malpractice Wrongful Death Petition against Defendants Advanced Pain Specialists and Comprehensive Pain Specialists, alleges and states as follows:

34.     Plaintiff adopts and incorporates by reference the above allegations as though fully set forth herein.

35.     During the course of treating Nathan, Defendants APS and CPS, acting through their agents and employees, committed the following acts of negligence and failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of its profession, and that of its employees and agents:

a.     Failed to properly evaluate and diagnose Nathan;

b.     Failed to conduct the proper diagnostic tests and exams;

c.     Failed to properly treat Nathan Hughes, namely his spine condition and pain;

d.     Failed to recognize the danger of prescribing high quantities of various opiate-based pain-relief medications over a long period of time;

e.     Failed to prescribe or recommend medical treatment other than opiates;

f.     Failed to properly educate and warn decedent Nathan Hughes of the risk potential of abuse, misuse and addiction with opiates;

g.     Failed to follow known medical guidelines regarding the prescription of opiates;

8

h.    Prescribed too much opiates or failed to reduce the number of

opiated prescribed to Nathan, which led to his death;

i.    Failed to pursue available pain control methods which were less

dangerous and addictive;

j.    Failed to recognize, diagnose, and treat Nathan's addiction; and

k.    Failed to properly monitor Nathan's drug use.

36.    Defendant Creighton's negligence and carelessness as set forth above

directly caused, or directly contributed to cause, Nathan's addiction to opiates, his pain

and suffering, and ultimately his death.

37.    As a direct and proximate result of one, several, or all of the foregoing acts

of negligence on the part of Defendant Creighton, Plaintiff claims such damages as the

trier of fact may deem fair and just for the death and loss of Nathan Hughes pursuant to

R.S.Mo § 537.080 and § 537.090.

**WHEREFORE,** Plaintiff Linda Hughes, as mother of deceased Nathan Hughes

requests judgment against Defendant Christopher Creighton, M.D., for a sum in excess

of the jurisdictional limits of this Court to fully compensate her and her family for the

death and loss of Nathan Hughes pursuant to R.S.Mo § 537.080 and § 537.090, and for

any further just and proper relief.

## COUNT III- STRICT PRODUCT LIABILITY

COMES NOW Plaintiff Linda Hughes, as Mother of decedent Nathan Hughes, by

and through undersigned counsel, and for her Wrongful Death Petition against

Defendant Drug Companies alleges and states as follows:

38.    Plaintiff adopts and incorporates by reference the above allegations as

though fully set forth herein.

9

39.    Defendant Drug Companies designed, fabricated, produced, manufactured, tested, distributed, sold, warranted, advertised, and placed on the market and into the stream of commerce, unreasonably dangerous products, namely Oxycodone, Hydrocodone, Oxycodone Hydrochloride, Oxymorphone Hydrochloride, Hydromorphone Hydrochloride, Oxymorphone, Hydrocodone Acetaminophen, and Oxycodone Acetaminophen (herein after "Opiates").

40.    Defendant Drug Companies did so knowing that their Opiates would reach consumers and users in Missouri, including Nathan Hughes, without substantial change in the condition in which they were sold and that, at the time the Opiates left Defendant Drug Companies control, they were defective and unreasonably dangerous.

41.    A drug manufacturer has to make drugs which are safe for the people taking them, and such drugs must not be unreasonably dangerous or defective.

42.    The Defendants' Opiates were in a defective condition and unreasonably dangerous when the people of Missouri and Nathan put them to a reasonably anticipated us as follows:

a.    Opiates are highly addictive;

b.    Opiates are deadly in sufficient amounts;

c.    Opiates are not appropriate for management of long term chronic pain;

d.    Longer term Opioid users need higher doses of Opiates to obtain the same level of pain relief;

e.    Opiates are unsafe if not taken appropriately;

43.    The above described defects and dangerous conditions existed when Defendants sold their Opiates.

10

44.    Missouri consumers and users, including Nathan, did not know Defendants' Opiates were defective and dangerous.

45.    Nathan Hughes took the Opiates in a manner reasonably anticipated by Defendant Drug Companies.

46.    Defendant Drug Companies failed to warn Opioid users and physicians of the significant risks of addiction, overdose, and death, associated with the ingestion of Opiates for the treatment of chronic, long term pain.

47.    The above described Opiates were used by consumers, and users, including Nathan Hughes, for the purpose for which they were reasonably and foreseeably intended and recommended by Defendant Drug Companies.

48.    The ingestion and use of Defendants' Opiates (as Defendants' intended) have caused injuries and death to Missourians, including Nathan Hughes, which was also likewise reasonably foreseeable.

49.    The defective and unreasonably dangerous condition of the Opiates, as set forth above directly caused, or directly contributed to cause, Nathan's addiction to opiates, his pain and suffering, and ultimately his death.

50.    As a direct and proximate result of one, several, or all of the foregoing acts on the part of Defendant Drug Companies, Plaintiff claims such damages as the trier of fact may deem fair and just for the death and loss of Nathan Hughes pursuant to R.S.Mo § 537.080 and § 537.090.

51.    Other people in Missouri, in addition to Nathan, purchased the same Opiates manufactured by Defendant Drug Companies: which was dangerous when used in a reasonably anticipated manner; which caused them to become addicted to

11

Defendants' Opiates; which caused them to take too much of the Opiates; and which caused, or contributed to cause, them to die.

52.     Plaintiff requests the court certify this case as a class action for: All people or their representatives or estates who purchased Opiates made by Defendant Drug Companies and whose consumption of opioid Opiates caused, or contributed to cause, their deaths from August 9, 2012 to date.

53.     On information and belief:

    a.     the class of Plaintiffs affected by Defendants' dangerous product is so numerous that joinder of all members is impracticable;

    b.     There are questions of fact or law common to the class, which predominate over any questions affecting only individual members;

    c.     The representative parties will fairly and adequately protect the interest of the class; and

    d.     A class action suit is the appropriate method for the fair and efficient adjudication of the controversy.  Rule 52.08.

**WHEREFORE,** Plaintiff Linda Hughes, as mother of deceased Nathan Hughes prays for judgment against Defendant Drug Companies for a sum in excess of the jurisdictional limits of this Court to fully compensate her and her family for the death and loss of Nathan Hughes pursuant to R.S.Mo § 537.080 and § 537.090, certify this case as a class action, appoint Linda Hughes as class representative and authorize her to pursue relief on behalf of the class, and for any further just and proper relief.

## COUNT IV- NEGLIGENCE

COMES NOW Plaintiff Linda Hughes, as Mother of decedent Nathan Hughes, by and through undersigned counsel, and for her Wrongful Death Petition against Defendant Drug Companies, alleges and states as follows:

54.   Plaintiff adopts and incorporates by reference the above allegations as if fully set forth herein.

55.   Defendant Drug Companies designed, fabricated, produced, manufactured, tested, distributed, sold, warranted, advertised, and placed on the market and into the stream of commerce, an unreasonably dangerous product, namely Oxycodone, Hydrocodone, Oxycodone Hydrochloride, Oxymorphone Hydrochloride, Hydromorphone Hydrochloride, Oxymorphone, Hydrocodone Acetaminophen, and Oxycodone Acetaminophen ("Opioids" or "Opiates").

56.   Defendant Drug Companies did so knowing that their Opiates would reach consumers and users in Missouri, including Nathan Hughes, without substantial change in the condition in which they were sold and that, at the time the Opiates left Defendant Drug Companies control, they were defective and unreasonably hazardous.

57.   At the time Defendant Drug Companies sold the drugs in the stream of commerce, Defendants knew of the defective design and condition of the Opiates.

58.   A drug manufacturer has to make drugs which are safe for the people taking them, and such drugs must not be unreasonably dangerous or defective.

59.   If a drug has dangerous properties its manufacturer has to warn users and prescribers of those dangers and how ameliorate them.

13

60.     The Defendants' Opiates were in a defective condition and unreasonably dangerous when the people of Missouri and Nathan put them to a reasonably anticipated us as follows:

     a.    Opiates are highly addictive;

     b.    Opiates are deadly in sufficient amounts;

     c.    Opiates are not appropriate for management of long term chronic pain;

     d.    Longer term Opioid users need higher doses of Opiates to obtain the same level of pain relief;

     e.    Opiates are unsafe if not taken appropriately;

61.     The above described defects and dangerous conditions existed when Defendants sold their Opiates.

62.     Defendant Drug Companies failed to perform adequate testing concerning the safety of the Opiates, during the Opiates' design, production, and sale to the public and/or knowingly placed the dangerous Opiates into the stream of commerce.

63.     Defendant drug companies failed to use ordinary care to manufacture and design the product to be reasonably safe.

64.     Missouri consumers and users, including Nathan, had no reason to know Defendants' Opiates were defective and dangerous.

65.     Nathan Hughes took the Opiates in a manner reasonably anticipated by Defendant Drug Companies.

66.     Defendant Drug Companies failed to warn Opioid users and physicians of the significant risks of addiction, overdose, and death, associated with the ingestion of Opiates for the treatment of chronic, long term pain.

14

67.    The above described Opiates were used by consumers, and users, including Nathan Hughes, for the purpose for which they were reasonably and foreseeably intended and recommended by Defendant Drug Companies.

68.    The ingestion and use of Defendants' Opiates (as Defendants' intended) have caused injuries and death to Missourians, including Nathan Hughes, which was also likewise reasonably foreseeable.

69.    The defective and unreasonably dangerous condition of the Opiates, as set forth above directly caused, or directly contributed to cause, Nathan's addiction to opiates, his pain and suffering, and ultimately his death.

70.    As a direct and proximate result of one, several, or all of the foregoing acts of negligence on the part of Defendant Drug Companies, Plaintiff claims such damages as the trier of fact may deem fair and just for the death and loss of Nathan Hughes pursuant to R.S.Mo § 537.080 and § 537.090.

71.    Other people in Missouri, in addition to Nathan, purchased the same Opiates manufactured by Defendant Drug Companies: which was dangerous when used in a reasonably anticipated manner; which caused them to become addicted to Defendants' Opiates; which caused them to take too much of the Opiates; and which caused, or contributed to cause, them to die.

72.    Plaintiff requests the court certify this case as a class action for: All people or their representatives or estates who purchased Opiates made by Defendant Drug Companies and whose consumption of opioid Opiates caused, or contributed to cause, their deaths from August 9, 2012 to date.

73.    On information and belief:

15

a.    the class of Plaintiffs affected by Defendants' dangerous product is so numerous that joinder of all members is impracticable;

b.    There are questions of fact or law common to the class, which predominate over any questions affecting only individual members;

c.    The representative parties will fairly and adequately protect the interest of the class; and

d.    A class action suit is the appropriate method for the fair and efficient adjudication of the controversy.  Rule 52.08.

**WHEREFORE,** Plaintiff Linda Hughes, as mother of deceased Nathan Hughes prays for judgment against Defendant Drug Companies for a sum in excess of the jurisdictional limits of this Court to fully compensate her and her family for the death and loss of Nathan Hughes pursuant to R.S.Mo § 537.080 and § 537.090, certify this case as a class action, appoint Linda Hughes as class representative and authorize her to pursue relief on behalf of the class, and for any further just and proper relief.

## COUNT V- VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

COMES NOW Plaintiff Linda Hughes, as Mother of decedent Nathan Hughes, by and through undersigned counsel, and for her Wrongful Death Petition against Defendant Drug Companies, alleges and states as follows:

74.    Plaintiff adopts and incorporates by reference the above allegations as if fully set forth herein.

75.    Defendant Drug Companies have employed and used deception in connection with the sale and advertisement of opioid medications in the State of Missouri.

16

76.     Defendant Drug Companies have falsely marketed their opioid medications to Nathan Hughes and the Missouri public as safe for the treatment of chronic pain.

77.     Defendant Drug Companies engaged in unfair practices in the marketing and sale of opioid medications to Nathan Hughes and other Missouri residents, by concealing, suppressing, or omitting the material fact prolonged use of opioid medications carries an unreasonably high risk of addiction and death.

78.     As a result of Defendant Drug Companies false, deceptive, and unfair practices, Nathan Hughes and Numerous Missouri residents paid for prescription opioid medication relying on the expertise of Defendant Drug Companies

79.     Defendant Drug Companies relied on deception to market and sell opioids to Nathan Hughes and other Missouri residents.

80.     Nathan Hughes and other Missouri residents purchased opioids medications from Defendant Drug Companies for personal use.

81.     As a direct and proximate result of Defendant Drug Companies conduct, Nathan Hughes and other Missouri residents disbursed significant funds for opioid medications produced, marketed, and sold by Defendants and suffered an ascertainable financial loss.

82.     Nathan suffered a further ascertainable financial loss when he was forced to spend money on addiction rehabilitation treatment, including counseling and methadone.

83.     As a direct and proximate result of Defendants' conduct, Nathan became addicted to opioid medications overdosed on those medication, and died.

84.    Other people in Missouri in addition to Nathan purchased opioid medication from Defendant Drug Companies which was dangerous when used in a reasonably anticipated manner and that caused them to become addicted to those pain medications, take too much of the pain medications, and die from a drug overdose.

85.    Plaintiff requests the court certify this case as a class action for:

All people or their representatives or estates who purchased an opioid medications made by Defendant Drug Companies and whose consumption of opioid medications, made by Defendant Drug Companies caused, or contributed to cause, their deaths from August 9, 2012 to date.

86.    On information and belief:

    a.    the class of Plaintiffs affected by Defendants' dangerous product is so numerous that joinder of all members is impracticable;

    b.    There are questions of fact or law common to the class, which predominate over any questions affecting only individual members;

    c.    The representative parties will fairly and adequately protect the interest of the class; and

    d.    A class action suit is the appropriate method for the fair and efficient adjudication of the controversy.  Rule 52.08.

**WHEREFORE,** Plaintiff Linda Hughes, as mother of deceased Nathan Hughes prays for judgment against Defendant Drug Companies for a sum in excess of the jurisdictional limits of this Court to fully compensate her and her family for the death and loss of Nathan Hughes pursuant to R.S.Mo § 537.080 and § 537.090, certify this case as a class action, appoint Linda Hughes as class representative and authorize her to pursue relief on behalf of the class, and for any further just and proper relief.

## COUNT VI- FRAUDULENT MISREPRESENTATION

COMES NOW Plaintiff Linda Hughes, as Mother of decedent Nathan Hughes, by and through undersigned counsel, and for her Wrongful Death Petition against Defendant Drug Companies, alleges and states as follows:

87.    Plaintiff adopts and incorporates by reference the above allegations as if fully set forth herein.

88.    Defendants have employed and used fraud and fraudulent misrepresentations in connection with the sale and advertisement of opioids in the State of Missouri.  Defendants made the following representations in connection with the advertising and sale of opioids:

     a.   that opioid drugs are safe;

     b.   that the benefits of taking opioid drugs outweigh the risks;

     c.   that the risks of taking opioid drugs are minimal;

     d.   that the risk of addiction, dependence and or overdose from taking opioid drugs is minimal;

     e.   that opioid drugs are appropriate to treat chronic pain;

     f.   that opioids are safe for long-term use;

     g.   that opioid drugs were safe to be used in an unsupervised manner; and

     h.   that opioid drugs were not difficult to stop taking after long-term use;

89.    These representations were material and were known to Defendant Drug Companies to be false and/or Defendant Drug Companies knew that they lacked a reasonable basis for the representations.

19

90.    Defendants made false representations in connection with the sale of opioids, with the intent and expectation that doctors and consumers would act on the representations and purchase their products.

91.    Nathan Hughes and other Missouri residents were unaware of the truth or falsity of the representations of Defendant Drug Companies, and relied upon Defendant Drug Companies' representations in making their decision to purchase and use said opioid medicines sold by Defendants.

92.    Nathan Hughes and other Missouri residents who purchased and used said opioid medications had a right to rely upon the representations of Defendant Drug Companies.

93.   As a direct and proximate result of Defendant Drug Companies' conduct, Nathan Hughes became addicted to opiate medicines and died from an overdose of Defendants' products.

94.    Prior to his tragic death, Nathan Hughes and other Missouri residents like him, disbursed significant funds for opioid medications produced, marketed, and sold by Defendants and sustained injuries.

95.    In addition, Nathan Hughes, and many other Missourians paid for rehabilitation counseling, and methadone prescriptions, in their efforts to withdraw from opioid addiction.  Hughes and other opioid addicted Missourians would otherwise not have paid for these medications and services but for Defendants' conduct.

96.    Other people in Missouri in addition to Nathan purchased opioid medication from Defendant Drug Companies which was dangerous when used in a reasonably anticipated manner and that caused them to become addicted to those pain medications, take too much of the pain medications, and die from a drug overdose.

97.     Plaintiff requests the court certify this case as a class action for:

All people or their representatives or estates who purchased an opioid medications

made by Defendant Drug Companies and whose consumption of opioid medications,

made by Defendant Drug Companies caused, or contributed to cause, their deaths from

August 9, 2012 to date.

98.     On information and belief:

    a.      the class of Plaintiffs affected by Defendants' dangerous product is

        so numerous that joinder of all members is impracticable;

    b.      There are questions of fact or law common to the class, which

        predominate over any questions affecting only individual members;

    c.      The representative parties will fairly and adequately protect the

        interest of the class; and

    d.      A class action suit is the appropriate method for the fair and

        efficient adjudication of the controversy.  Rule 52.08.

**WHEREFORE,** Plaintiff Linda Hughes, as mother of deceased Nathan Hughes

prays for judgment against Defendants for a sum in excess of the jurisdictional limits of

this Court to fully compensate her and her family for the death and loss of Nathan

Hughes pursuant to R.S.Mo § 537.080 and § 537.090, certify this case as a class action,

appoint Linda Hughes as class representative and authorize her to pursue relief on

behalf of the class, and for any further just and proper relief.

        Respectfully submitted,

        **Burger Law, LLC**

        Gary K. Burger, #43478

500 N. Broadway, Suite 1350
St. Louis, Missouri 63102
Telephone:  (314) 542-2222
Facsimile:  (314) 542-2229
*gary@burgerlaw.com*
*Attorney for Plaintiff*

22