BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) | MDL Docket No. 2804 |

Relates to:  *Delaware County, Pennsylvania v. Purdue Pharma L.P., et al.*, No. 2:18-cv-05627 (E.D. Pa.)

*County of Carbon v. Purdue Pharma L.P., et al.*, No. 2:18-cv-05625 (E.D. Pa.)

### BRIEF IN OPPOSITION TO MOTIONS TO VACATE CONDITIONAL TRANSFER ORDER (CTO-75)

Plaintiffs County of Carbon and Delaware County, Pennsylvania ("Plaintiffs") move to vacate CTO-75 on grounds that this Panel has repeatedly rejected. Plaintiffs do not (and cannot) argue that their cases are factually distinguishable from the hundreds of cases this Panel has already transferred to the MDL. To the contrary, Plaintiffs' complaints are nearly identical to the bellwether complaints being actively litigated before Judge Polster. Instead, Plaintiffs urge the Panel to deny transfer because they believe federal jurisdiction is improper. But this Panel has consistently rejected these same arguments, including in cases removed under CAFA. *See* Transfer Order, ECF No. 3703 (Feb. 7, 2019), at 1-2 (transferring two cases removed under CAFA and reminding parties that "opposition to transfer challenging the propriety of federal jurisdiction is insufficient to warrant vacating conditional transfer orders covering otherwise factually-related cases"); *see also In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liability Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018) ("It is well-established that jurisdictional objections, including objections to removal, are not relevant to transfer. This is so even where, as here, plaintiffs assert that the removals were patently improper.").

Plaintiffs also argue that their cases will encounter an unfair delay by being included in the MDL. Many plaintiffs have made this argument before and the Panel has repeatedly rejected it. *See* Transfer Order, ECF No. 3703 (Feb. 7, 2019), at 2 ("Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole."); *see also In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

For the above reasons, Plaintiffs' motions to vacate CTO-75 should be denied and this case should be transferred to MDL No. 2804 in the Northern District of Ohio.

Dated: February 22, 2019

Respectfully Submitted,

/s/ Kaspar J. Stoffelmayr
Kaspar J. Stoffelmayr
BARTLIT BECK LLP
54 West Hubbard Street
Chicago, Illinois 60654
(312) 494-4400
(312) 494-4440 fax
kaspar.stoffelmayr@bartlitbeck.com

*Counsel for Defendants Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co.*