**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**NOTICE OF HEARING SESSION**

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:	**May 28, 2020**

LOCATION OF HEARING SESSION:	United States Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Washington, DC  20544-0005

TIME OF HEARING SESSION:	**9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument **by videoconference or teleconference** and includes all actions encompassed by Motion(s) for transfer filed pursuant to Rules 6.1 and 6.2.  Any party waiving oral argument pursuant to Rule 11.1(d) need not participate in the Hearing Session videoconference or teleconference.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not participate in the Hearing Session.

ORAL ARGUMENT:

- **THE PANEL WILL HEAR ORAL ARGUMENT BY VIDEOCONFERENCE OR TELECONFERENCE.**  Further details regarding how the Hearing Session will be conducted—including sign-in information, allocation of argument times, and a mandatory training session for arguing attorneys—shall be provided after the filing of the parties' Notices of Presentation or Waiver of Oral Argument.

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.

- 2 -

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **May 4, 2020.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on May 28, 2020, the Panel will convene a hearing session in Washington, DC, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that, in light of the ongoing COVID-19 pandemic, the Panel will hear oral argument on the matters listed on Section A of the attached Schedule **by videoconference or teleconference**, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c).  The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle     R. David Proctor
Catherine D. Perry      Nathaniel M. Gorton
Matthew F. Kennelly     David C. Norton

SCHEDULE OF MATTERS FOR HEARING SESSION
May 28, 2020 -- Washington, DC (Videoconference or Teleconference)

# SECTION A
# MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 2936 -- **IN RE: SMITTY'S CAM2 303 TRACTOR HYDRAULIC FLUID MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

   Motion of defendants Smitty's Supply, Inc., and CAM2 International, L.L.C., to transfer the following actions to the United States District Court for the Eastern District of Louisiana:

   Eastern District of Arkansas

   BUFORD v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 1:19-00082

   Eastern District of California

   FOSDICK, ET AL. v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 2:19-01850

   Northern District of Iowa

   BLACKMORE, ET AL. v. SMITTY'S SUPPLY, INC., C.A. No. 5:19-04052

   District of Kansas

   ZORNES, ET AL. v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 2:19-02257

   Western District of Kentucky

   WURTH v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 5:19-00092

   District of Minnesota

   KLINGENBERG v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 0:19-02684

Western District of Missouri

GRAVES, ET AL. v. CAM2 INTERNATIONAL LLC, ET AL., C.A. No. 3:19−05089

Southern District of Texas

MABIE v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 4:19−03308

MDL No. 2938 – **IN RE: EVENFLO COMPANY, INC., MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Mike Xavier, et al., and Carla Matthews to transfer the following actions to the United States District Court for the District of Massachusetts and motion of plaintiff Najah Rose to transfer the following actions to the United States District Court for the Eastern District of Wisconsin:

Eastern District of California

PERRY v. EVENFLO COMPANY, INC., C.A. No. 2:20−00377

District of Massachusetts

XAVIER, ET AL. v. EVENFLO COMPANY, INC., C.A. No. 1:20−10336
EPPERSON, ET AL. v. EVENFLO COMPANY, INC., C.A. No. 1:20−10359
MATTHEWS v. EVENFLO COMPANY, INC., C.A. No. 1:20−10379

District of Minnesota

ANDERSON v. EVENFLO COMPANY, INC., C.A. No. 0:20−00569

Eastern District of New York

SCHNITZER v. EVENFLO COMPANY, INC., C.A. No. 2:20−01000

Eastern District of North Carolina

RAMASAMY v. EVENFLO COMPANY, INC., C.A. No. 5:20−00068

Southern District of Ohio

WILDER v. EVENFLO COMPANY, INC., C.A. No. 3:20−00061
SAPEIKA v. EVENFLO COMPANY, INC., C.A. No. 3:20−00068

District of South Carolina

ALSTON v. EVENFLO COMPANY, INC., C.A. No. 9:20–00801

Eastern District of Wisconsin

ROSE v. EVENFLO COMPANY, INC., C.A. No. 2:20–00287

MDL No. 2939 – **IN RE: FAMILY DOLLAR STORES, INC., ACCESS FOR INDIVIDUALS WITH DISABILITIES LITIGATION**

Motion of defendant Family Dollar Stores, Inc., to transfer the following actions to the United States District Court for the Northern District of Illinois:

District of Colorado

AGARDY v. FAMILY DOLLAR STORES, INC., C.A. No. 1:19–03381

Northern District of Illinois

RENEAU v. FAMILY DOLLAR STORES, INC., C.A. No. 1:20–00938

Western District of Pennsylvania

LEWANDOWSKI v. FAMILY DOLLAR STORES, INC., C.A. No. 2:19–00858

MDL No. 2940 – **IN RE: DEVACURL HAIR CARE PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Ginger Dixon, et al., to transfer the following actions to the United States District Court for the Southern District of New York:

Central District of California

HARTS, ET AL. v. DEVA CONCEPTS, LLC, C.A. No. 2:20–02048

District of New Jersey

HALL v. DEVA CONCEPTS, LLC, C.A. No. 2:20–02318

<u>Southern District of New York</u>

DIXON, ET AL. v. DEVA CONCEPTS, LLC, C.A. No. 1:20−01234
CICCIA, ET AL. v. DEVA CONCEPTS, LLC, C.A. No. 1:20−01520
SCHWARTZ, ET AL. v. DEVA CONCEPTS, LLC, C.A. No. 1:20−01657
BOLASH, ET AL. v. DEVA CONCEPTS, LLC, C.A. No. 1:20−02045
ABDULAHI, ET AL. v. DEVA CONCEPTS, LLC, C.A. No. 1:20−02047
REILLY v. DEVA CONCEPTS, LLC, C.A. No. 1:20−02156

<u>Eastern District of North Carolina</u>

CALABRESE v. DEVA CONCEPTS, LLC, C.A. No. 5:20−00080

MDL No. 2941 – **IN RE: NINE WEST LBO SECURITIES LITIGATION**

Motion of plaintiffs Marc S. Kirschner and Wilmington Savings Fund Society, FSB, to transfer the following actions to the United States District Court for the District of Massachusetts:

<u>Central District of California</u>

KIRSCHNER v. DICKSON, ET AL., C.A. No. 2:20−01480
WILMINGTON SAVINGS FUND SOCIETY, FSB v. DICKSON, ET AL.,
  C.A. No. 2:20−01484
KIRSCHNER, ET AL. v. LOS ANGELES CAPITAL MANAGEMENT AND EQUITY
  RESEARCH, INC., ET AL., C.A. No. 2:20−01922

<u>Southern District of Florida</u>

KIRSCHNER v. CADE, ET AL., C.A. No. 0:20−60343
WILMINGTON SAVINGS FUND SOCIETY, FSB v. CADE, ET AL.,
  C.A. No. 0:20−60344

<u>Northern District of Illinois</u>

KIRSCHNER v. GEORGIADIS, ET AL., C.A. No. 1:20−01129
WILMINGTON SAVINGS FUND SOCIETY, FSB v. GEORGIADIS, ET AL.,
  C.A. No. 1:20−01136

<u>District of Massachusetts</u>

WILMINGTON SAVINGS FUND SOCIETY, FSB v. CARD, ET AL.,
  C.A. No. 1:20-10286
KIRSCHNER v. CARD, ET AL., C.A. No. 1:20-10288
KIRSCHNER v. CARD, ET AL., C.A. No. 1:20-10396
WILMINGTON SAVINGS FUND SOCIETY, FSB, AS SUCCESSOR INDENTURE
  TRUSTEE FOR THE 6.875% SENIOR NOTES DUE 2019, THE 8.25% SENIOR
  NOTES DUE 2019, AND THE 6.125% SENIOR NOTES DUE 2034 OF NINE v.
  CARD, ET AL., C.A. No. 1:20-10398

<u>District of New Jersey</u>

KIRSCHNER, ET AL. v. MCCLAIN, ET AL., C.A. No. 2:20-01768

<u>Northern District of Texas</u>

KIRSCHNER, ET AL. v. DFA INVESTMENT DIMENSIONS GROUP, INC. US
  CORE EQUITY 1 PORTFOLIO, ET AL., C.A. No. 3:20-00374

# SECTION B

## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2244 – **IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

    Motion of defendant DePuy Orthopaedics, Inc., to transfer the following action to the United States District Court for the Northern District of Texas:

    <u>Western District of Wisconsin</u>

    BOYER, ET AL. v. DEPUY ORTHOPAEDICS, INC., ET AL., C.A. No. 3:19−01034

MDL No. 2738 – **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

    Oppositions of plaintiffs Martha Cox, et al.; Connie Denney; Cheryl Sumner; and Velma Stalnaker to transfer of their respective following actions to the United States District Court for the District of New Jersey:

    <u>Middle District of Georgia</u>

    COX, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:20−00030

    <u>Northern District of Georgia</u>

    DENNEY v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:20−00756

    <u>Southern District of Georgia</u>

    SUMNER v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:20−00035

    <u>Eastern District of Missouri</u>

    STALNAKER v. JOHNSON & JOHNSON, INC., ET AL., C.A. No. 4:20−00356

MDL No. 2775 – **IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Gabriel J. Caporale to transfer of the following action to the United States District Court for the District of Maryland:

<u>Northern District of Illinois</u>

CAPORALE v. SMITH & NEPHEW, INC., ET AL., C.A. No. 1:20‑01263

MDL No. 2804 – **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Oppositions of certain plaintiffs and defendants Tom Bruce Longest, Jr., M.D., and Bruce Family Medical Center to transfer of their respective following actions to the United States District Court for the Northern District of Ohio:

<u>Western District of Arkansas</u>

FAYETTEVILLE ARKANSAS HOSPITAL COMPANY, LLC., ET AL. v. AMNEAL PHARMACEUTICALS, LLC.ET AL., C.A. No. 5:20‑05036

<u>Northern District of Mississippi</u>

RUSSELL v. WISNIEWSKI, M.D., ET AL., C.A. No. 1:20‑00021

<u>Eastern District of Missouri</u>

BARTON COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:20‑00387

<u>Western District of Oklahoma</u>

BOARD OF COUNTY COMMISSIONERS OF COMANCHE COUNTY v. CEPHALON, INC., ET AL., C.A. No. 5:20‑00150
BOARD OF COUNTY COMMISSIONERS OF CUSTER COUNTY v. CEPHALON, INC., ET AL., C.A. No. 5:20‑00159
BOARD OF COUNTY COMMISSIONERS OF TILLMAN COUNTY v. CEPHALON, INC., ET AL., C.A. No. 5:20‑00161
BOARD OF COUNTY COMMISSIONERS OF ROGER MILLS COUNTY v. CEPHALON, INC., ET AL., C.A. No. 5:20‑00163

    Eastern District of Pennsylvania

BEDFORD COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:20−01385

    Eastern District of Virginia

CITY OF FAIRFAX, VA v. V. MALLINCKRODT PLC, ET AL., C.A. No. 1:20−00218
STAFFORD COUNTY, VA  v. V. MALLINCKRODT PLC, ET AL.,
  C.A. No. 1:20−00261
GOOCHLAND COUNTY, VA  v. V. MALLINCKRODT, PLC, ET AL.,
  C.A. No. 3:20−00051
CHESTERFIELD COUNTY, VA  v. V. MALLINCKRODT PLC, ET AL.,
  C.A. No. 3:20−00064
HENRICO COUNTY, VA   v. V. MALLINCKRODT PLC, ET AL.,
  C.A. No. 3:20−00077
MECKLENBURG COUNTY, VA  v. V. MALLINCKRODT PLC, ET AL.,
   C.A. No. 3:20−00175

    Western District of Virginia

CITY OF WINCHESTER, VIRGINIA v. MALLINCKRODT PLC, ET AL.,
  C.A. No. 5:20−00013

MDL No. 2848 − **IN RE: ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS
      LIABILITY LITIGATION**

  Opposition of defendants Merck & Co., Inc., and Merck Sharp & Dohme Corp., to remand, under 28 U.S.C. § 1407(a), of the following action to the United States District Court for the Southern District of Ohio:

    Eastern District of Pennsylvania

GENTILE v. MERCK & CO., INC., ET AL., C.A. No. 2:20−2000 (S.D. Ohio,
  C.A. No. 2:19−04174)

MDL No. 2859 – **IN RE: ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND VERSYS FEMORAL HEAD PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Janene Trujillo to transfer of the following action to the United States District Court for the Southern District of New York:

District of Nevada

TRUJILLO v. ZIMMER US, INC., ET AL., C.A. No. 3:19‑00056

MDL No. 2873 – **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs State of New Mexico, et al., to transfer of the following action to the United States District Court for the District of South Carolina:

District of New Mexico

STATE OF NEW MEXICO, ET AL. v. UNITED STATES, ET AL., C.A. No. 1:19‑00178

MDL No. 2913 – **IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiff Breathe DC and defendant NJOY, LLC, to transfer of their respective following actions to the United States District Court for the Northern District of California:

District of District of Columbia

BREATHE DC v. JUUL LABS, INC., C.A. No. 1:20‑00619

Eastern District of Tennessee

LANKFORD v. JUUL LABS, INC., ET AL., C.A. No. 4:20‑00005

MDL No. 2924 – **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Stacey Koppell, et al., to transfer of the following action to the United States District Court for the Southern District of Florida:

<u>Southern District of New York</u>

KOPPELL, ET AL. v. PERRIGO COMPANY PLC, ET AL., C.A. No. 1:19‑10253

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a) <u>Schedule</u>.  The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b) <u>Oral Argument Statement</u>.  Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

> (i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c) <u>Hearing Session</u>.  The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

> (i) the dispositive issue(s) have been authoritatively decided; or
> (ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.

Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d) <u>Notification of Oral Argument</u>.  The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

> (i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.
> (ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e) <u>Duty to Confer</u>.  Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.1

(f) <u>Time Limit for Oral Argument</u>.  Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints.  Counsel for the moving party or parties shall generally be heard first.