BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTI-DISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION

MDL NO. 2804

### NOTICE OF POTENTIAL TAG-ALONG ACTION

Out of an abundance of caution and consistent with the intent of Rule 7.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, Plaintiff Webb County, Texas ("Plaintiff'") writes to notify the Clerk of the Panel of the potential tag-along action styled as *Walmart Inc. v. U.S. Department of Justice, et al.*, No. 4:20-cv-00817 (E.D. Tex.), and listed on the attached Schedule of Actions.

While Plaintiff is not itself a party to this potential tag-along action, Plaintiff is a litigant in MDL 2804 and has named Walmart as a defendant in connection with, *inter alia,* Walmart's alleged failure to abide its duties and obligations relating to dispensing opioids. That is the precise issue Walmart raises in the potential tag-along action. And Plaintiff is not alone. Walmart is a named defendant in a multitude of other cases pending in MDL 2804 with similar claims. Walmart has also appeared through its counsel in MDL 2804. And, Walmart consistently has argued that claims concerning its role in the opioid epidemic properly belong before Judge Dan A. Polster, the presiding MDL 2804 Judge. For the Clerk of the Panel's benefit, we attach two examples; myriad others may be provided if helpful. *See, e.g.,* Walmart's May 13, 2019 Supplemental Notice of Removal in *Johnson County v. Purdue Pharma, Inc,* No. 4:19-cv-01637 (S.D. Tex.) and Sept. 25, 2020 Remand Order in *Pulaski County et al. v. Walmart Inc., et al.* No. 4:20-CV-00983, 2020 U.S. Dist. LEXIS 176379 (E.D. Ark.).

The nexus between this potential tag-along action and MDL 2804 is further revealed by the attached August 6, 2020 Order wherein Judge Dan A. Polster denied Walmart and other Pharmacy Defendants' motion to dismiss and wrote at length on pharmacy obligations and the Controlled Substances Act (CSA), *see* pp. 13-30.

Plaintiff observes that, as of today, Walmart has yet to submit the required JPML 7.1 Notice, notwithstanding that it filed the potential tag-along action on October 22, 2020.

JPML RULE 7.1: CONDITIONAL TRANSFER ORDERS (CTO) FOR TAG-ALONG ACTIONS provides in relevant part that "[a]ny party or counsel in actions previously transferred under Section 1407 **shall promptly** notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears." (emphasis added)

The docket sheet and Complaint for the potential tag-along action are attached as Exhibit A.  The referenced August 6, 2020 MDL 2804 Order is attached as Exhibit B.  Two (of the many available) examples of Walmart advocating that these claims belong in MDL 2804 are attached as Exhibit C.

Dated: October 29, 2020                                            Respectfully submitted,

*/s/ Joanne Cicala*
Joanne Cicala
Texas Bar No. 24052632
**THE CICALA LAW FIRM PLLC**
101 College Street
Dripping Springs, Texas 78620
Tel: (512) 275-6550
Fax: (512) 858-1801
joanne@cicalapllc.com

*Attorney for Webb County, Texas*