## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) )     MDL Docket No. 2804 |

*Walmart Inc. v. U.S. Department of Justice; Attorney General William P. Barr; U.S. Drug Enforcement Administration; Acting Administrator Timothy J. Shea*, **E.D. Tex., Case No. 4:20-cv-00817.**

### SUPPLEMENTAL NOTIFICATION OF DEVELOPMENTS

Pursuant to Rule 6.1(f) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, the Plaintiffs' Executive Committee (the "PEC") appointed in *In re: National Prescription Opiate Litigation*, MDL No. 2804, hereby notifies the Clerk of the Panel of a recent development in the above-captioned action ("Declaratory Action") that may impact the Panel's decision on whether to transfer the Declaratory Action to the MDL.

On October 22, 2020, Walmart Inc. filed its Declaratory Action in the District Court for the Eastern District of Texas. The defendants (U.S. Department of Justice; U.S. Drug Enforcement Administration; Acting Administrator Timothy J. Shea; Attorney General William P. Barr) have not yet entered an appearance in that case.

On November 13, 2020, the PEC filed a motion to transfer the Declaratory Action to the MDL. JPML Case TXE/4:20-cv-00817, Dkt. No. 3. That same day, Walmart filed a motion for partial summary judgment with the District Court. Ex. 1 (Walmart MSJ).[1] In

---

[1] The District Court has since deemed Walmart's motion a "deficient document" because it exceeded the page limits and requested that Walmart file a corrected motion by November 17, 2020.

its motion, Walmart requests that the District Court decide five legal questions:

- "Whether the CSA or its regulations impose liability on a pharmacist who, when filling a controlled-substance prescription written by a state-licensed and DEA-registered doctor, does not document resolution of 'red flags' that may be associated with the prescription."

- "Whether the CSA or its regulations require pharmacists to refuse to fill entire categories of prescriptions, without regard to the individual facts and circumstances of each case."

- "Whether the CSA or its regulations impose additional duties on pharmacy businesses when filling prescriptions, beyond those imposed on the pharmacists themselves."

- "Whether the CSA or its regulations require controlled-substance distributors not only to report 'suspicious' orders to DEA but also to investigate and clear those orders before shipping them."

- "Whether the CSA, before Congress amended it in 2018, subjected controlled-substance distributors to civil penalties for failing to submit suspicious-order reports required only by DEA's regulations but not by the statute itself."

*Id.* at pp. 3-4.  As explained in the PEC's motion to transfer (JPML Case TXE/4:20-cv-00817, Dkt. No. 3), these issues have already been resolved by Judge Polster in the MDL and are subject to ultimate appeal in the Sixth Circuit.  This further demonstrates that transfer is warranted to prevent potentially inconsistent pretrial rulings and conserve the resources of the parties, their counsel, and the judiciary.

It is unclear why Walmart has rushed to move for summary judgment before the defendants have even appeared in the case (and while the PEC's motion to transfer is pending).  But whatever Walmart's reasons, the PEC simply wants to make the Panel aware of Walmart's filing.

Dated: November 16, 2020

Respectfully submitted,

*/s/ Paul J. Hanly, Jr.*
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

*/s/ Joseph F. Rice*
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (fax)
jrice@motleyrice.com

*/s/ Paul T. Farrell, Jr.*
Paul T. Farrell, Jr.
FARRELL LAW
422 Ninth St., 3rd Floor
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*

3