**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

**MDL NO. 2804-In Re: National Prescription Opiate Litigation**

*Asbestos Workers Local Union No. 2 Welfare Fund v. Allergan, PLC F/K/A Actavis PLC et al,*
*E.D. Pennsylvania No. 2:20-cv-05191*

<u>**PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 179
WITH RESPECT TO *ASBESTOS WORKERS LOCAL UNION NO. 2 WELFARE FUND V.
ALLERGAN, PLC F/K/A ACTAVIS PLC ET AL*** </u>

COMES NOW, the Plaintiff, Asbestos Workers Local Union No. 2 Welfare Fund, by and through counsel, and files this Motion to Vacate Conditional Transfer Order No. 179 pursuant to Rule 7.1(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. In support thereof, Plaintiff states the following:

**I.     PROCEDURAL HISTORY**

    **A.     *Asbestos Workers Local Union No. 2 Welfare Fund* Opioid Complaint.**

1. On October 9, 2020, Plaintiff, Asbestos Workers Local Union No. 2 Welfare Fund, ("*Asbestos Workers*") filed its Complaint in the Court of Common Pleas of Philadelphia County alleging that the named Defendants are responsible for damages and harm suffered by the Asbestos Workers as a result of the greatest current public health crisis in Pennsylvania; the misuse, abuse, and over-prescription of opioids.

2. More specifically, the *Asbestos Workers'* Complaint pleads four state law causes of action: (1) civil insurance fraud pursuant to 18 Pa.C.S. §§ 4117(a)-(b); (2) disgorgement of profits; (3) breach of implied warranties; and (4) civil conspiracy.  See Plaintiff's Complaint, attached hereto as **Exhibit "A"** at ¶¶ 152-191.

    **B.     Coordination of Pennsylvania's Opioid Litigation.**

3.     On March 26, 2018, the Delaware County Court of Common Pleas coordinated sixteen (16) Pennsylvania-opioid matters to the Delaware County, Pennsylvania for pretrial proceedings. As new Pennsylvania-opioid matters have been filed in the Commonwealth, these cases have been transferred to the Delaware County Court of Common Pleas for coordination.

4.     On November 9, 2020, the Asbestos Workers' action was transferred from the Philadelphia County Court of Common Pleas to the Delaware County Court of Common Pleas for coordination. See the November 9, 2020 Order, attached hereto as **Exhibit "B."**

C.     **Improper Notice of Removal Under 28 U.S.C. § 1331**

5.     On October 19, 2020, CVS Health Corporation ("CVS") filed a Notice of Removal in the Eastern District of Pennsylvania ("district court") with respect to the Asbestos Workers' matter. *See Asbestos Workers Local Union No. 2 Welfare Fund v. Allergan, PLC F/K/A Actavis PLC et al*, E.D. Pennsylvania No. 2:20-cv-05191. *See also* CVS' October 19, 2010 Notice of Removal, attached hereto as **Exhibit "C."**

6.     Soon after, on November 11, 2020, CVS filed an Amended Notice of Removal at which time fellow Distributor-Retailer Defendant, Walgreen Co., ("Walgreens"), joined the notice for removal. *See* CVS and Walgreens' November 11, 2010 Amended Notice of Removal, attached hereto as **Exhibit "D."**

7.     CVS and Walgreens contend that this case is removable simply because the *Asbestos Workers'* Complaint lists some duties allegedly regulated by the federal Controlled Substance Act ("CSA"). Yet, Plaintiff's Complaint makes ***no reference whatsoever*** to the CSA.

8.     Moreover, the federal docket is littered with other opioid opinions rejecting the

arguments that CVS and Walgreens attempt to muster in support of removal under the CSA.[1]

9. CVS, Walgreens and other defendants are invoking federal jurisdiction as a means of delaying prosecution of these actions throughout the country by filing this removal petition and then seeking transfer to the MDL. However, these issues have already been decided in the *Asbestos Workers'* favor and such filings prejudice Plaintiff and other defendants with unnecessary delays.

10. For reasons Federals Judges have already fully analyzed and explained, (*see*

---

[1] *See e.g., DCH Health Care Auth.*, 2019 WL 6493932, at *1 (denying defendants' motion to stay and granting Plaintiffs' motion to remand); *Kingman Hosp. Inc. v. Purdue Pharma L.P.*, No. CV-19-08240-PCT-JJT, 2019 WL 4024773, at *2 (D. Ariz. Aug. 27, 2019) (granting hospital plaintiffs' emergency motion to remand without further response by defendants to the motion, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987, at 3 (N.D. Ohio July, 24, 2019) (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"); *County of Kern v. Purdue Pharma L.P.*, No. 1:19cv-00557-LJO-JLT, 2019 WL 3310668 (E.D. Cal. July 23, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Mecklenburg Cnty. v. Purdue Pharma, L.P.*, No. 3:19-cv-463, 2019 WL 3207795 (E.D. Va. July 16, 2019) (granting motion to remand, finding no federal question jurisdiction existed*); Illinois Public Risk Fund v. Purdue Pharma L.P.*, No. 19 C 3210, 2019 WL 3080929 (N.D. Ill. July 15, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of El Monte v. Purdue Pharma L. P.*, No. 2:19-cv-03588-JFW-PLA, Doc. No. 39 (C.D. Cal. June 18, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Cnty. Bd. of Arlington Cnty. v. Purdue Pharma, L.P.*, No. 1:19-cv-402, Doc. No. 63 (E.D. Va. May 6, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Dunaway v. Purdue Pharma, L.P.*, No. 2:19-cv-00038, 2019 WL 2211670 (M.D. Tenn. May 22, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of Boston v. Purdue Pharma L.P.*, No. 1:18-cv-12174, Doc. 32 (D. Mass. Jan. 29, 2019) (granting motion to remand, finding no federal question jurisdiction); *Tucson Medical Center v. Purdue Pharma*, No. CV-18-00532-TUC-RCC, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *City of Reno v. Purdue Pharma, L.P.*, No. 3:18-cv-00454-MMD-WGC, 2018 WL 5730158 (D. Nev. Nov. 28, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 899 (N.D. Ohio Aug, 23, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Cnty. of Anderson v. Rite Aid of S.C.*, Inc., No. 8:18cv1947, 2018 WL 8800188, at *10 (D.S.C. Aug. 20, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Weber Cnty., Utah v. Purdue Pharma, L.P.*, No. 1:18-cv-00089-RJS, 2018 WL 3747846 (D. Utah Aug. 7, 2018) (granting motion to remand, finding no federal question jurisdiction existed*); Uintah Cnty., Utah v. Purdue Pharma, L.P.*, No. 2:18-cv-00585-RJS, 2018 WL 3747847 (D. Utah Aug. 7, 2018) (granting motion to remand, finding no federal question jurisdiction existed*); State of New Mexico ex rel. Balderas v. Purdue Pharma, L.P.*, No. 1:18-cv-00386-JCH-KBM, 2018 WL 2942346, (D.N.M. June 12, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *State of Delaware ex rel. Denn*, 2018 WL 1942363 (granting motion to remand, finding no federal question jurisdiction existed*); State of West Virginia ex rel. Morrisey*, 2017 WL 357307 (granting motion to remand, finding no federal question jurisdiction existed); and *Mobile Cty. Bd. of Health v. Sackler*, CV 1:19-01007-KD-B, 2020 WL 223618 (S.D. Ala. Jan. 15, 2020) (holding that the distributor defendant failed to show any of Plaintiff's asserted state-law violations depend on non-existent state-law duties supplied by statute or regulation or that the content of those state-law duties is measured by federal law.)

Footnote No. 1), there is no federal question jurisdiction here, and CVS and Walgreens' grounds for removal are baseless.

11.　Further, removal here suffers another defect: CVS and Walgreens' amended notice of removal does not indicate that all other properly served Defendants consented to the removal as required by 28 U.S.C. § 1446(2)(A).

### D.　Plaintiff Has Already Filed a Motion for Remand

12.　The *Asbestos Workers'* matter is currently pending in the Eastern District of Pennsylvania ("district court") before the Hon. Juan R. Sanchez. Pursuant to the Federal Rules of Civil Procedure § 1446, (see 28 U.S.C.A. § 1446(b)(1)), Plaintiff filed its Motion for Remand on November 16, 2020.

### E.　Conditional Transfer Order No. 179 and Plaintiff's Opposition Thereto

13.　On October 27, 2020, the JPML issued Conditional Transfer Order (CTO No. 179) (MDL No. 2804 Dkt. 8711), designating certain cases for transfer to the MDL, including Plaintiff's case.

14.　On November 3, Plaintiff filed a Notice of Opposition to Conditional Transfer Order (EDPA Dkt. 5).

15.　Given the pending remand motion and the reasons set forth herein, it is respectfully submitted that the Panel should not consider transfer of this case to the MDL until after the district court has ruled upon remand. Instead, as contemplated by § 20.131 of the Manual for Complex Litigation, the Panel should allow the district court to decide the remand motion and then, if still relevant, determine if this case should be transferred to the MDL.

## II.　ARGUMENT

### A.　THIS PANEL SHOULD VACATE THE CTO WITH RESPECT TO THE

4

### *ASBESTOS WORKERS'* MATTER AND ALLOW THE DISTRICT COURT TO ACT AS THE GATEKEEPER TO THE MDL AND TO PROMOTE JUDICIAL EFFICIENCY

16. The Panel should deny transfer pending a decision from the district court on Plaintiff's motion to remand.

17. Here, CVS and Walgreens are attempting to use unfounded and failed grounds to invoke federal jurisdiction and then have this matter transferred to the MDL before a decision on remand is made.  Once there, Plaintiff's matter will be delayed until Judge Polster is available to make a decision on remand.

18. Meanwhile, the coordinated state court proceedings will move forward.  CVS and Walgreens' filing will unnecessarily burden the docket of MDL 2804 and force Judge Polster to rule on a motion to remand.  Vacating the CTO with respect to the *Asbestos Workers'* matter until after the decision on remand will avoid this and result in a just and efficient outcome here.

19. Vacating the transfer order until after the district court has ruled on remand serves an important gatekeeping function with respect to the MDL and promotes judicial economy.  The Panel has vacated orders conditionally transferring actions where it does not serve the convenience of the parties, promote just and efficient conduct of the litigation, and will not result in a just and efficient outcome. *See In re Petroleum Prod. Antitrust Litig.*, 476 F. Supp. 455, 458 (U.S. Jud. Pan. Mult. Lit. 1979); *In re Bridgestone/Firestone, Inc., Tires Prod. Liab. Litig.*, 659 F. Supp. 2d 1371, 1372 (U.S. Jud. Pan. Mult. Lit. 2009).

20. Vacating the transfer order until after the remand decision will achieve these goals because the district court is in the best position to analyze the relevant case law and positions and come to a speedy decision.  The JPML Rules specifically state that "matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate

for resolution before the Panel acts on the motion to transfer." Rules of Procedure of the Judicial Panel on Multidistrict Litigation 2.1(d).; Manual for Complex Litigation, § 20.131 (4th ed. 2004).  The JPML Rules further note that: "[t]he transferor court should not postpone motions, suspend further proceedings, or automatically stay discovery." *Id*.

21. Importantly, judicial efficiency will be enhanced because regardless of whether the remand is granted or denied, allowing the district court to complete its task will result in one less burden on the MDL judge.

22. Moreover, there is no risk of inconsistent rulings, as the district court will be in the best position to analyze the applicable law of the jurisdiction, which Judge Polster would have to eventually analyze himself.  The potential for inconsistent rulings here is small, compared to the prejudice that results from transferring a case before the decision on remand.  At the same time, if the CTO is not vacated, Plaintiff will not be truly free to participate in the MDL, due to their pending motion to remand.  As a result, the *Asbestos Workers'* matter will essentially be in limbo.

23. Based on the foregoing, transfer is not beneficial in this case because it would only prejudice Plaintiff and other parties while failing to achieve the just or efficient outcome that is the goal of the MDL process. *See In re IBM*, 316 F. Supp. 976, 977 (U.S. Jud. Pan. Mult. Lit. 1970) (vacating conditional transfer order where action would be seriously impaired by a transfer).

24. All of this can be avoided by vacating CTO No. 179 with respect to the *Asbestos Workers'* matter until the decision on remand is made by the district court.  Doing so is in the interests of justice and judicial efficiency where, as here, the grounds for removal are so clearly lacking.

### B. This Panel Should Vacate the CTO with Respect to the *Asbestos Workers'* Matter Because There is no Basis for Federal Jurisdiction

#### 1. Standard of Review

25. "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 255 (2013) (*citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Because "[r]emoval statutes are ... strictly construed, with all doubts ... resolved in favor of remand," defendants bear "a heavy burden of showing that" an action "is properly [in] federal court." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (citations omitted).

26. For these reasons, an action can be removed to federal court on the basis of federal question jurisdiction only if the party seeking removal can establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. G*rable and Sons Metal Prods. Inc. v. Darue Engineering and Mf'g*, 545 U.S. 308, 312 (2005) (emphasis added).

27. In addition, the "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal question jurisdiction to exist. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). To determine whether a case "arises under" federal law, federal courts look solely to the allegations of the plaintiff's complaint that are necessary or essential to the cause of action. G*ully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936) (emphasis added).

28. A case "arises under" federal law only "when federal law creates the cause of action asserted[,]" or when a state law claim depends on a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without

7

disrupting the federal-state balance approved by Congress." *Gunn* at 258. Under this standard, "there can be no removal on the basis of a federal question unless the federal law under which the claim arises is a direct and essential element of the plaintiff[']s case." *In re Community Bank of Northern Virginia*, 418 F.3d 277, 293 (3d Cir. 2005) (citations omitted).

29. As set forth below, Defendants cannot meet their burden to remove to federal court because this case involves solely state law claims, and thus Defendant cannot marshal sufficient proof establishing that its claims turn on any aspect of federal law.

30. Where state law determines the extent to which a federal standard will apply, the ultimate merits issue is necessarily a question of state, not federal law, and removal is therefore impermissible. Because Plaintiff's Complaint asserts purely state law causes of action, any effort by a federal court to answer that question would necessarily "disrupt[] the federal-state balance approved by Congress." *Gunn* at 258.

31. As there is no basis for federal jurisdiction here, Plaintiff respectfully requests that the CTO should be vacated. This Panel should refuse to allow CVS and Walgreens to use the Federal Rules of Civil Procedure and the CTO to delay a rightful state court matter.

### 2. This Court Lacks Subject Matter Jurisdiction as There is No Substantial or Necessary Federal Question

32. There is no dispute that the *Asbestos Workers* assert only state-law causes of action. *See* **Exhibit "A".** CVS and Walgreens' efforts to manufacture federal jurisdiction does not withstand scrutiny. Here, as stated, *supra*, the complaint contains no federal cause of action and makes no reference whatsoever to the CSA. Thus, federal question jurisdiction can arise only if the "plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)

8

(emphasis added).

33. As with other opioid cases pending across the country, the *Asbestos Workers'* Complaint describes Defendants' obligations under the CSA, ***without referencing it***, to monitor and report suspicious opioids shipments. While Defendants' failure to abide by these obligations lends support to Plaintiff's claims, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 813 106 S.Ct. 3229, 3235, 92 L.Ed.2d 650 (1986). Quite the opposite, "the violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings." *Grable & Sons Metal Prod., Inc.* at 318 (internal quotation marks omitted).

34. In *Florida Health Scis. Ctr., Inc. v. Sackler, Florida Health Scis. Ctr., Inc. v. Sackler*, (19-62992-CIV, 2020 WL 1046601 (S.D. Fla. Jan. 24, 2020), CVS filed a nearly identical, (if not identical), Notice of Removal. *See* CVS' December 5, 2019 Notice of Removal of *Florida Health Sciences, Inc. et al. v. Richard Sackler, et al.*, attached hereto as **Exhibit "E."**

35. *Florida Health Sciences, Inc., et al.* subsequently filed a Motion to Remand. On January 24, 2020, the United State*s* District Court for the Southern District of Florida granted *Florida Health Sciences, Inc., et al's* Motion to Remand, holding that CVS did "not meet their burden of demonstrating the existence of federal question jurisdiction to support removal. The Court agrees with the reasoning set forth in other federal courts that have rejected substantially similar arguments brought by Defendants here. Namely, that the CSA does not confer federal subject matter jurisdiction for removal. The Court is not persuaded to find otherwise in this action." *See Florida Health Scis. Ctr., Inc.* at *4 (emphasis added).

36. Ignoring numerous past decisions, including *Florida Health Scis. Ctr., Inc.*,

Defendants have repeatedly sought to remove opioid-related complaints invoking the CSA. Every court to have considered this issue has concluded that reference to the CSA in support of opioid-related state torts does not present a federal question.[2] And the same should, respectfully, be held here.

37. To begin with, the *Asbestos Workers'* claims do not "necessarily depend" on any violation of the CSA, *see Empire Healthchoice* at 690.  CVS asserts "the source of [Plaintiff's] asserted legal duties to prevent diversion and to monitor, investigate, and report suspicious orders of controlled substances is the CSA and its implementing regulations."  *See* Exhibit "C" at ¶ 20 and Exhibit "D" at ¶ 21.

38. However, even if Defendants' CSA obligations are disputed, they are not "substantial" in the required sense that they are "significant to the federal system as a whole." Gunn at 264. This is because the *Asbestos Workers* are not seeking an interpretation of the CSA that "affects the manner in which the government operates" and any CSA-related determinations "will not be controlling in any other case" since they necessarily will concern "Defendants' conduct." *Delaware ex rel. Denn* at *4.

39. Moreover, and notably, the CSA contains no private right of action, which weighs heavily against the substantiality of any CSA issues raised. As the Supreme Court has held, it would "flout, or at least undermine, congressional intend" to confer federal jurisdiction under statutes for which there is no federal cause of action. *See Merrell Dow Pharm*. at 812.

40. For precisely the same reason, the exercise of federal jurisdiction here would disrupt "congressionally approved federal and state judicial responsibilities." *Grable* at 314. As

---

[2] *See* the cases referenced in Footnote No. 1.

10

courts have recognized, entertaining "garden variety" tort claims that invoke the CSA "could lead to a flood of state law claims entering federal courts." *Delaware ex rel. Denn* at *5. Having passed the CSA without inclusion of a private right of action, it is unlikely that Congress "meant to welcome" such cases into the federal system. *Id*.

41. In sum, CVS and Walgreens have not satisfied any of the requirements for exercising substantial federal question jurisdiction.

### C. CVS and Walgreens Cannot Satisfy the Unanimity Requirement

42. In a multi-defendant case, such as this one, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(2)(A). If this "unanimity requirement" is not met, a removed action must be remanded. *See Ogletree v. Barnes*, 851 F.Supp. 184, 186 (E.D. Pa. 1994). CVS and Walgreens cannot establish unanimity here not all properly served Defendants involved in the instant action consented to removal.

43. As part of their Amended Notice of Removal, CVS and Walgreens included Consent to Removal which lists a number of additional Defendants named in the Asbestos Workers' Complaint. *See* Exhibit 2 to CVS and Walgreens' Amended Notice of Removal, **Exhibit "D."** However, not all properly served Defendants are included in the Consent to Removal.

44. Thus, CVS and Walgreens have not established unanimity as required by § 1446(2)(A) to properly remove the instant action.

WHEREFORE, the Plaintiff, *Asbestos Workers Local Union No. 2 Welfare Fund*, respectfully requests that this Panel enter an Order vacating Conditional Transfer Order No. 179 with respect to *Asbestos Workers Local Union No. 2 Welfare Fund v. Allergan, PLC F/K/A*

*Actavis PLC et al, E.D. Pennsylvania No. 2:20-cv-05191*, and for any other relief this Honorable Panel may deem appropriate.

**Dated:  November 17, 2020**          */s/ Gregory S. Spizer*
          Gregory S. Spizer (Atty I.D. No. 82435)
          ANAPOL WEISS
          130 N. 18TH STREET, SUITE 1600
          PHILADELPHIA, PA 19103
          (215) 790-4578
          gspizer@anapolweiss.com
          *Attorney for Plaintiff*