### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| |
|---|
| **IN RE: NATIONAL PRESCIPTION OPIATE LITIGATION** |

MDL Docket No. 2804

*Walmart Inc. v. U.S. Department of Justice; Attorney General William P. Barr; U.S. Drug Enforcement Administration; Acting Administrator Timothy J. Shea*, E.D. Tex. No. 4:20-cv-00817

### OPPOSITION TO MOTION TO TRANSFER

This matter should not be transferred because it presents *no* questions of fact, much less questions common to actions pending in *In re: National Prescription Opiate Litigation*, MDL No. 2804, and because there is no basis for subject-matter jurisdiction before any court. Walmart's complaint, devoid of any basis for subject-matter jurisdiction or even a cause of action, improperly seeks pre-enforcement review of a civil enforcement action. Defendants already have moved to dismiss this action in its entirety and believe their arguments for dismissal are compelling. As explained below, transfer would neither serve the convenience of the parties or the Court, nor would it effectuate the purposes of 28 U.S.C. § 1407. The motion to transfer should be denied.

### BACKGROUND

Walmart brought this suit against the U.S. Department of Justice, the Drug Enforcement Administration, and the heads of each agency (collectively "DOJ"), "seek[ing] a judicial declaration to resolve" what it characterizes as "a dispute … about the obligations of pharmacists and pharmacies under the Controlled Substances Act." *See* ECF No. 1, Compl. at 1. According to the complaint, DOJ

began investigating Walmart for potential CSA violations in late 2016.[1] Compl. ¶ 108. And, the company alleges, DOJ has expended "resources and taxpayer funds to this investigation … out of all proportion to any evidence of wrongdoing" and now, "on information and belief, intends to pursue a civil enforcement action against Walmart based on a number of positions … that are wrong as a matter of federal law." *Id.* ¶¶ 113, 115.

Walmart's complaint contains no cause of action. Instead, it pleads a claim for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, on the ground that the company "faces the risk of a civil enforcement action under the CSA." Compl. ¶ 163. In order to "clarify and settle the parties' legal obligations," Walmart asks the district court to proclaim the outer bounds of liability for pharmacies and pharmacists under the CSA and to instruct DOJ to "follow their own regulations and [] not base any enforceable legal positions on the alleged violation of agency guidance rather than obligations found in a statute or duly promulgated rule or regulation." *Id.* ¶ 175, Prayer for Relief.

On November 13, 2020, the Plaintiffs' Executive Committee ("PEC") in MDL No. 2804 moved to transfer Walmart's declaratory-judgment action to the Northern District of Ohio. *See* ECF No. 8820, Mot. to Transfer ("Mot."). The PEC argues that transfer is warranted because it "will eliminate duplicative discovery, prevent potentially inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." *Id.*

On December 4, 2020, more than three weeks before DOJ's deadline to respond to the complaint, DOJ moved to dismiss Walmart's suit under Federal Rule of Civil Procedure 12(b)(1). *See* ECF No. 43, Mot. to Dismiss ("MTD"), No. 4:20-cv-00817 (E.D. Tex.) (attached as Exhibit 1). That motion demonstrates that federal jurisdiction over Walmart's complaint is nonexistent.

---

[1] Allegations in the complaint are presumed true solely for purposes of this motion.

First, DOJ's motion argues that Walmart fails to identify an "unequivocally expressed" waiver of sovereign immunity to sue the federal government. Second, Walmart's complaint fails to plead any cause of action underlying its declaratory-judgment claim, as it must, since that statute is procedural only and does not provide a cause of action. Third, in urging the district court to opine on its legal culpability in a hypothetical suit not-yet filed and untethered from any factual context, Walmart asks that court to issue an advisory opinion. The parties' allegedly divergent views about the scope of a pharmacies' or pharmacists' duties under the CSA, and Walmart's request for abstract declarations on the same, does not demonstrate the existence of an actual controversy. *See* MTD at 9-20.

DOJ also moved on December 4, 2020, to stay Walmart's pending Motion for Partial Summary Judgment. *See* ECF No. 44, Mot. to Stay, No. 4:20-cv-00817 (E.D. Tex.) (attached as Exhibit 2). DOJ's stay request argued that it would be particularly inappropriate to require DOJ to oppose Walmart's summary-judgment motion before jurisdiction is determined because the government would necessarily be forced to divulge its legal theories, defend the results of an investigation, and tip its hand in a potential enforcement action not yet filed.

## **ARGUMENT**

There is no basis to transfer this action. As persuasively set forth in DOJ's motion to dismiss, Walmart cannot proceed on a claim against DOJ for which there is no waiver of sovereign immunity, nor can it bring a Declaratory Judgment Act claim without any cause of action arising under federal law. *See* MTD at 9-20. And while the PEC may be correct in arguing that "Walmart's action is a blatant attempt at forum-shopping in the hopes of re-litigating certain legal issues that have already been resolved against it in the Opioid MDL," Mot. at 1, that contention is immaterial—for there is no Article III controversy between DOJ and Walmart sufficient to permit the Eastern District of Texas to opine on its view of the Controlled Substances Act's requirements. As DOJ explained in its motion to dismiss, "Walmart asks th[at] [c]ourt to issue a quintessential advisory opinion regarding the proper

interpretation of the CSA and its implementing regulations—unmoored from any concrete dispute between the parties or factual basis in which to apply the regulatory framework—based solely on Walmart's own speculation as to what the federal government may be planning." MTD at 18.

DOJ does not dispute that Judge Polster, who oversees pretrial proceedings in the MDL, "is incredibly knowledgeable about the factual and legal issues present in" the Opioid litigation, Mot. at 4, but that expertise is unnecessary to resolve the purely jurisdictional grounds on which Walmart's complaint must be dismissed. There is no reason that the Northern District of Ohio should be better-equipped to rule on issues of sovereign immunity and Article III-jurisdiction than the Eastern District of Texas. On the contrary, transfer of Walmart's complaint to the MDL would only burden the transferee court with an unnecessary motion on legal issues distinct from the matters it is overseeing, while potentially delaying resolution of DOJ's straightforward motion.

Furthermore, this panel should deny the PEC's transfer motion because this action does not involve "one or more common questions of fact" with those pending in the MDL. *See* 28 U.S.C. § 1407(a). Indeed, Walmart's complaint presents no issues of fact. *Even if* Walmart could obtain a ruling on the merits—and DOJ contends it cannot—resolution of its single claim would require no discovery and no findings of fact. *See* Compl. ¶ 23 (characterizing suit as "action to obtain a declaration resolving its disputes of law with Defendants and clarifying its legal rights and duties under the CSA and its implementing regulations). Notwithstanding that Walmart's declaratory-judgment suit seeks to relitigate issues it lost before Judge Polster (a fact set forth in DOJ's motion to dismiss, *see* MTD at 19), this action still has no place before the MDL because "[t]he objective of transfer is to eliminate duplication in discovery, avoid conflicting [*pretrial*] rulings and schedules," and minimize burden. *See* Manual for Complex Litigation, § 20.131, Requests for Transfer; *see also In re FedEx Ground Package System, Inc., Employment Practices Litigation*, 366 F. Supp. 2d 1381 (J.P.M.L. 2005) (denying transfer where movant failed to show "that any common questions of fact are sufficiently, complex, unresolved,

and/or numerous to justify Section 1407 transfer"); *In re ClassicStar Mare Lease Litigation*, 528 F. Supp. 2d 1345, 1346 (J.P.M.L. 2007) (transfer appropriate where "all actions arise from the same factual milieu, raising common factual questions").

The PEC's arguments in favor of transfer rely on grounds inapplicable to this case. For example, the PEC asserts that Judge Polster should handle the case because he "is deeply knowledgeable regarding the claims, defenses, and evidence relevant to the case." Mot. at 1. But, certainly at this stage, there is no "evidence relevant" to this case (and would not likely be *even if* the merits of Walmart's claim were reached) and, at a minimum, the threshold issues to be decided— sovereign immunity and jurisdiction under Article III and the Declaratory Judgment Act—are not matters with particular relevance to the MDL. The PEC's contentions that "[t]ransfer of this action to the Opioid MDL will eliminate duplicative discovery" and that "[m]uch of the discovery necessary for this action has already been completed in the Opioid MDL," Mot. at 8, are likewise speculative. Even in the unlikely scenario in which Walmart amended its complaint to proffer some grant of sovereign immunity *and* a cause of action to ground its declaratory-judgment claim *and* the district court determined that Walmart's grievances about DOJ's enforcement efforts presented a justiciable case or controversy, that action still would not warrant discovery. In the event that the district court denies DOJ's motion and proceeds to the merits of Walmart's claim, which DOJ posits is highly unlikely, nothing would prevent the PEC from renewing its motion to transfer. *See In re Nat'l Prescription Opiate Lit.*, MDL No. 2804, ECF No. 3168 (J.P.M.L. Dec. 6, 2018) (vacating conditional transfer order on the ground that United States' pending motion to dismiss "could obviate the need for transfer" and, if any claims survive, transfer could be reinitiated). On the other hand, transferring this action now conveniences neither party (and there are no witnesses), *see* 28 U.S.C. § 1407, and would only add to Judge Polster's burden while potentially delaying the swift dismissal of this suit DOJ seeks.

The panel should deny transfer because Walmart's declaratory-judgment claim presents no "common questions of fact," 28 U.S.C. § 1407, for resolution before the MDL. In the alternative, should the panel believe that transfer might be warranted, any such order should await resolution in the Eastern District of Texas of DOJ's motion to dismiss.

Dated: December 4, 2020

Respectfully submitted,

JEFFREY CLARK
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch

/s/ Kate Talmor
KATE TALMOR
Maryland Bar
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 305-5267
Email: kate.talmor@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that copies of the United States' Opposition to Transfer were served on all designated counsel electronically via CM/ECF.

/s/ Kate Talmor
KATE TALMOR