BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|   |   |   |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) ) ) | MDL Docket No. 2804 |

*Walmart Inc. v. U.S. Department of Justice; Attorney General William P. Barr; U.S. Drug Enforcement Administration; Acting Administrator Timothy J. Shea*, **E.D. Tex., Case No. 4:20-cv-00817.**

### PEC'S MOTION TO STAY CONSIDERATION OF, AND FURTHER BRIEFING ON, ITS MOTION TO TRANSFER

The Plaintiffs' Executive Committee (the "PEC") appointed in *In re: National Prescription Opiate Litigation*, MDL No. 2804, files this motion pursuant to Rules 6.1(f) and 6.3 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, and respectfully asks this Panel to stay consideration of, and any further briefing on, the PEC's motion to transfer the above-styled action (the "Underlying Action") to MDL 2804 until the District Court has ruled on the defendants' pending motion to dismiss.

The PEC filed its motion to transfer on November 13, 2020. JPML Dkt. No. 8820. Walmart and the defendants in the Underlying Action (the "DOJ Defendants") filed their responses to the PEC's motion on December 4, 2020. JPML Dkt. Nos. 8902, 8903. The PEC's deadline to file its reply in support of its motion is December 11, 2020. JPML Dkt. No. 8821.

Since the filing of the PEC's motion, a development has occurred that could potentially moot the Panel's determination of that motion. On December 4, 2020, the DOJ Defendants filed a motion to dismiss in the Underlying Action. JPML Dkt. No. 8903-1. In that motion, the DOJ Defendants make a compelling argument, uniquely applicable to

that case, that federal courts lack subject matter jurisdiction over the Underlying Action. *Id*. If that motion is granted, the case will be dismissed and the PEC's motion to transfer will be rendered moot. There is no benefit to transfer until such motion is resolved.

Accordingly, the PEC respectfully requests that this Panel stay consideration of, and any further briefing on, the PEC's motion to transfer until the DOJ Defendants' motion to dismiss is resolved. At such time, the PEC will promptly notify the Panel of the District Court's ruling. If the motion is granted, the PEC's motion to transfer will be moot. If the motion to dismiss is denied, the PEC requests that it be permitted to file its reply brief supporting its motion to transfer within seven days of the District Court's ruling.

Dated: December 7, 2020

Respectfully submitted,

*/s/ Paul J. Hanly, Jr.*
Paul J. Hanly, Jr.
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
(212) 213-5949 (fax)
phanly@simmonsfirm.com

*/s/ Joseph F. Rice*
Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9290 (fax)
jrice@motleyrice.com

*/s/ Paul T. Farrell, Jr.*
Paul T. Farrell, Jr.
FARRELL LAW
422 Ninth St., 3rd Floor
Huntington, WV 25701
(304) 654-8281
paul@farrell.law

*Plaintiffs' Co-Lead Counsel*

*/s/ Peter H. Weinberger*
Peter H. Weinberger
SPANGENBERG SHIBLEY & LIBER
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (fax)
pweinberger@spanglaw.com

*Plaintiffs' Liaison Counsel*
