UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION                               MDL No. 2804

ORDER DENYING REMAND

**Before the Panel:** Plaintiffs in the two actions listed on the attached Schedule A move under Panel Rule 10.3 for Section 1407 remand to the District of New Mexico. Manufacturer and distributor defendants[1] oppose, and defendant Michael L. Gallegos takes no position on, Section 1407 remand.

After considering the arguments of counsel, we deny the motion for Section 1407 remand. We ordered centralization in this docket in December 2017. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country. *See In re Nat'l Prescription Opiate Litig.,* 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017). Here, the actions before the Panel have been pending in the MDL for less than a year. No party disputes that these actions are squarely related to the MDL proceedings, which now comprises nearly 2,950 cases.

Plaintiffs filed these Section 1407 motions, which seek return to the transferor court to obtain a ruling on their motions to remand to state court, without first obtaining a suggestion of remand from the transferee judge. Panel Rule 10.3(a) counsels that we are "reluctant to order a remand absent the suggestion of the transferee judge." Indeed, a party moving for Section 1407 remand without such a suggestion "bears a strong burden of persuasion." *In re: Air Crash Disaster in Ionian Sea on Sept. 8, 1974*, 438 F. Supp. 932, 934 (J.P.M.L. 1977). Plaintiffs have not met that burden here.

Judge Polster, in his capacity as transferee judge, has become familiar with the issues in this litigation by presiding over extensive and highly contested pretrial proceedings. He is in the best position to determine the future course of actions in the MDL. We afford transferee judges a wide degree of discretion in their case management decisions. *See, e.g., In re Holiday Magic Sec.*

---

[1] Endo Health Solutions Inc., Endo Pharmaceuticals Inc.; AmerisourceBergen Drug Corporation, CVS Health, Cardinal Health Inc., McKesson Corporation, Wal-Mart Stores Inc., Walgreens Boots Alliance, Inc., Janssen Pharmaceutica Inc., Ortho-McNeil-Janssen Pharmaceuticals Inc., Actavis LLC, Actavis Pharma, Inc., Allergan Sales, LLC, Allergan U.S.A., Inc., Cephalon Inc., Janssen Pharmaceuticals, Inc., Johnson & Johnson, Teva Pharmaceuticals USA, Inc., and Watson Laboratories Inc.

*& Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977) ("The Panel has neither the statutory authority nor the inclination to review decisions of district courts, whether they are transferor or transferee courts."). Remand of these cases without the transferee judge's suggestion is not appropriate at this time. We are confident that the transferee judge, who is responsible for the day-to-day management of this exceedingly complex litigation, will address these and other plaintiffs' motions to remand to state court in due course. *See, e.g., In re Zyprexa Prod. Liab. Litig.*, 594 F.3d 113, 127–28 (2d Cir. 2010) (Kaplan, J. concurring) (citations omitted).

IT IS THEREFORE ORDERED that the plaintiffs' motions for Section 1407 remand of the actions listed on Schedule A are denied.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Catherine D. Perry              Nathaniel M. Gorton
Matthew F. Kennelly             David C. Norton
Roger T. Benitez                Dale A. Kimball

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**          MDL No. 2804

## SCHEDULE A

<u>Northern District of Ohio</u>

CITY OF ALBUQUERQUE v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No.
    1:20-45136 (D. New Mexico, C.A. No. 1:19-01168)
CITY OF SANTA FE v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:20-45137
    (D. New Mexico, C.A. No. 1:19-01105)