UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION           MDL No. 2804


### ORDER DENYING REMAND


**Before the Panel:** Plaintiffs in the action listed on the attached Schedule A move under Panel Rule 10.3 for Section 1407 remand to the Southern District of West Virginia. Defendants AmerisourceBergen Corporation, Cardinal Health, Inc., and McKesson Corporation; and Actavis Pharma, Inc., Endo Health Solutions Inc., and Par Pharmaceutical, Inc., oppose the motion.

After considering the arguments of counsel, we deny the motion for Section 1407 remand. We ordered centralization in this docket in December 2017. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country. *See In re Nat'l Prescription Opiate Litig.,* 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017). Here, the action before the Panel have been pending in the MDL for over two and a half years. No party disputes that this action is squarely related to the MDL proceedings. Plaintiffs are grandparents, acting as guardians and next friends for their grandson, who was born addicted to opioids and suffered neonatal abstinence syndrome (NAS) due to his birth mother's use of a "strong prescription medication like oxycodone" in 2006-07. *Riling* is one of over a hundred such NAS cases pending in the MDL, and it is one of over 400 personal injury cases.

Plaintiffs filed this Section 1407 motion without first obtaining a suggestion of remand from the transferee judge. Panel Rule 10.3(a) counsels that we are "reluctant to order a remand absent the suggestion of the transferee judge." Indeed, a party moving for Section 1407 remand without such a suggestion "bears a strong burden of persuasion." *In re: Air Crash Disaster in Ionian Sea on Sept. 8, 1974*, 438 F. Supp. 932, 934 (J.P.M.L. 1977). Plaintiffs have not met that burden here.

Plaintiffs argue that they sought leave to file a motion for suggestion of remand in October 2019, the motion was not opposed and still has not been ruled upon two years later. But the filing may have been docketed incorrectly – plaintiffs do not address defendants' response that plaintiffs did not properly file their motion for leave in both the individual case docket and the MDL master docket, as required by MDL Case Management Order No. 1. Without filing in the master docket, many (if not most) defendants and perhaps the court were unaware of the motion's pendency. Procedural peculiarities aside, plaintiffs also argue that the slow pace of the MDL as to NAS plaintiffs merit remand of *Riling*. We disagree. The transferee judge has devoted significant attention to NAS plaintiffs' claims, denying their motion for class certification in February 2021 and denying reconsideration in March 2021.

- 2 -

Judge Polster, in his capacity as transferee judge, has become familiar with the issues in this litigation by presiding over extensive and highly contested pretrial proceedings. He is in the best position to determine the future course of actions in the MDL. We afford transferee judges a wide degree of discretion in their case management decisions. *See, e.g., In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977) ("The Panel has neither the statutory authority nor the inclination to review decisions of district courts, whether they are transferor or transferee courts."). Remand of this case without the transferee judge's suggestion is not appropriate at this time.

IT IS THEREFORE ORDERED that the plaintiffs' motions for Section 1407 remand of the action listed on Schedule A are denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION         MDL No. 2804

## SCHEDULE A

<u>Northern District of Ohio</u>

RILING, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19−45056
(S.D. West Virginia, C.A. No. 2:18−01390)