# UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

IN RE NATIONAL PRESCRIPTION
OPIATE LITIGATION

**This document relates to:** *Track 9*
**Case No. 1:18-op-45274-DAP**

TARRANT COUNTY, TEXAS,

               Plaintiff,

   v.

PURDUE PHARMA, et al.,

               Defendants.

MDL No. 2804

Case No. 17-md-2804

## THE ALBERTSONS DEFENDANTS' REPLY IN FURTHER SUPPORT OF ALBERTSONS' MOTION TO VACATE CONDITIONAL REMAND ORDER

Albertsons, Inc., Albertsons, LLC, Safeway, Inc., Randall's Food & Drug, LP, and United Supermarkets, LLC (collectively, "Albertsons"), pursuant to Rule 10.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, file this reply in further support of Albertsons' Motion to Vacate the Conditional Remand Order (the "Motion") and Brief in Support (the "Brief") entered by the Clerk of the United States Judicial Panel on Multidistrict Litigation on February 12, 2025. In light of the United States District Court for the Northern District of Ohio's (the "Transferee Court") recent denial of Albertsons' Motion to Certify Order for Interlocutory Appeal (the "Certification Motion"), Albertsons tailors the relief sought by the Motion. Specifically, Albertsons asks the Panel to (i) vacate its Conditional Remand Order ("CRO") and (ii) enter a new order directing remand of *all claims* against Albertsons for adjudication in a single proceeding, in the United States District Court for the Northern District of Texas (the "Transferor Court").

## INTRODUCTION

As the only Pharmacy-Defendant left in this action, Albertsons finds itself in a unique position. As the Transferee Court noted in its Suggestion of Remand, "All of the Pharmacy Defendants" originally sued by Tarrant County "subsequently settled," such that this action now "presents only Tarrant County's public nuisance claim against Albertsons." (Doc. 5928 at 4 n.2). With the stage set for trial and for Albertsons to pursue its interlocutory appeal in the Transferor Court, there is no reason for the Transferee Court to retain jurisdiction over part of this case.

Against this backdrop, the question before this Panel is not whether it is empowered to sever and remand a singular claim; it is whether the Panel *should*. Despite having participated in over seven years of consolidated pretrial proceedings, Tarrant County asks the Panel to selectively remand just one of its claims against Albertsons, keeping alternative claims in its back pocket in the Transferee Court in case it is unsuccessful on remand. This piecemeal remand request should be denied, and a new remand order entered that directs remand of this action in its entirety.

## ARGUMENT

**I.   The Transferee Court Ruled the Transferor Court Is Best Positioned to Weigh the Merits of Albertsons' Request to Certify the MSJ Order for Interlocutory Appeal.[1]**

On March 19, 2025, the Transferee Court denied, without prejudice, Albertsons' Certification Motion (the "Certification Order"). (Doc. 6030). In making its ruling, the Transferee Court reasoned the Transferor Court is in a better position to rule on Albertsons' request to seek immediate appellate review. (Doc. 6030 at 6). Accordingly, Albertsons intends to pursue an interlocutory appeal to the Fifth Circuit upon remand to the Transferor Court.

---

[1] In light of the Transferee Court's recent ruling, denying without prejudice the Certification Motion, Albertsons revises its relief sought in the Motion, *see* Brief at Argument, Points I–II, and submits that remand of *all claims* against Albertsons to the Transferor Court is proper.

2

## II. If Remand Is Appropriate, the CRO Should Be Vacated Because It "Separat[es]" and "Remand[s]" the County's Only Claim Against Albertsons and Does Not Remand the Matter in Full.

Despite disposition of the Certification Motion, the Panel should still vacate the CRO. Piecemeal remand of an isolated claim against Albertsons—the only remaining Pharmacy Defendant—will not aid the progress of the MDL or this litigation; particularly so, given the Panel's April 4, 2022 ruling closing the MDL as to new tag-along actions to achieve the "just and efficient conduct of this litigation." (J.P.M.L. Doc. 39 at 1). Having participated in over seven years of consolidated pretrial proceedings to date, including fulsome discovery with Albertsons, it is difficult to imagine that Tarrant County is entitled to *more time* to build its case.

In asking for a full remand, Albertsons has not asked the Panel to assess the merits of Tarrant County's bifurcated claims. *See* Opp. at 6 (citing *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 669 F. Supp. 3d 1375, 1378 (J.P.M.L. 2023) ("[T]he Panel and other courts consistently have held that Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or merits of a case, including issues relating to a motion to remand."); *In re Fluoroquinolone Prods. Liab. Litig.*, 122 F. Supp. 3d 1378, 1380 (J.P.M.L. 2015) ("The Panel is not authorized to engage in an assessment of the merits of the actions."))[2] Because it is unclear from Tarrant County's scant pleadings, including the absence of any allegations concerning Albertsons' conduct related to any other claims, Albertsons explained why a partial remand is inappropriate. Brief ISO Mot. at 9–10. In response, Tarrant County states it holds claims for "common-law fraud, negligence, gross negligence, violations of the Texas Controlled Substances

---

[2] Albertsons' request is entirely consistent with the Panel's reasoning in *In re Aqueous Film-Forming Prods. Liab. Litig.* 669 F. Supp. 3d at 1378–79 (recognizing that "a transfer under Section 1407 is, in essence, a change of venue for pretrial purposes"). *In re Fluoroquinolone Prods. Liab. Litig.*, 122 F. Supp. 3d at 1380, which concerned the Panel's initial transfer order for consolidated pretrial proceedings, has no application here.

3

Act, unjust enrichment, and federal RICO violations" in its back pocket. Opp. at 7. But allowing the Transferee Court to retain jurisdiction over these alternative claims would only work to prolong this litigation and give Tarrant County an improper opportunity for a "do over" if it is unsuccessful on remand.

If anything, it is Tarrant County—and not Albertsons—who seeks an "indefinite[]" delay of the County's claims. Opp. at 8.[3] Indeed, Albertsons is asking the Panel for the opposite. Albertsons simply asks the Panel to remand this action in full, avoiding fragmented litigation of the County's claims against Albertsons and protecting against inconsistent results. This request will promote the stated purposes of the MDL statute and is consistent Panel's more recent rulings recognizing "Multidistrict litigation . . . 'is not static'" and that "as the transferee court completes its primary tasks . . . at a certain point the 'benefits of transfer should not be assumed to continue.'" (J.P.M.L. Doc. 39 at 1 (citing *In re Bridgestone/Firestone, Inc. v. Tires Prods. Liab. Litig.*, 659 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009)).

Albertsons does not dispute that the Transferee Court accomplished much during the MDL's tenure, and understands the Panel generally affords deference to the transferee judge's remand determinations. *See* Opp. at 7–9. Tarrant County, however, cites the Panel's ruling from five years ago, ignoring the most recent directives from the Panel closing the MDL and other federal appellate courts which have recognized the diminishing utility of the MDL proceedings and that now is the time for remand of actions to their transferor courts. (J.P.M.L. Doc. 39 at 1);

---

[3] Tarrant County reveals its improper motive to secure additional bites at the proverbial apple, claiming the parties have yet to conduct any pretrial activities concerning the "Additional Claims," and that the Transferee Court is somehow best situated to oversee those proceedings. Opp. at 9–10 & nn. 5, 7. But the Transferee Court's recent designation of another bellwether case against Albertsons *with the additional claims set for trial* only supports Albertsons' position here. Where such claims are already proceeding in transferor courts, there is no reason for the Transferee Court to retain jurisdiction over part of this case.

4

*In re Harris County, Tex.*, No. 21-3631 (6th Cir. Mar. 11, 2022) (denial of remand to transferor court impinged on the rights of the parties given the lengthy MDL proceedings).

Under Section 1407(a), "[e]ach action so transferred *shall* be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a) (emphasis added). The Transferee Court having determined that point has been reached, the Panel should remand this action in its entirety for disposition on the merits in one proceeding.

## CONCLUSION

Albertsons respectfully requests the Panel to vacate the CRO and enter a new order directing remand of all claims against Albertsons to the Transferor Court.

Dated:   April 1, 2025

Respectfully submitted,
By: */s/ Francis A. Citera*
One of Defendants' Attorneys

Francis A. Citera, citeraf@gtlaw.com
Gretchen N. Miller, millerg@gtlaw.com
Greenberg Traurig, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL  60601
Tel: (312) 456-8400
Fax: (312) 456-8435

*Counsel for Defendants Albertsons, Inc., Albertsons, LLC, Safeway, Inc., Randall's Food & Drug, LP, and United Supermarkets, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 1, 2025, a true and correct copy of the Albertsons Defendants' Reply in Support of Albertsons' Motion to Vacate Conditional Remand Order was filed in the office of the Clerk of the United States Judicial Panel on Multidistrict Litigation.

<em>/s/ Francis A. Citera</em><br>
Francis A. Citera

ACTIVE 709038345v1