BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| **In re: National Prescription Opiate Litigation**<br><br>**This document relates to:**<br>*Cobb County v. Purdue Pharma L.P. et al.*<br>N.D. Ga., Civil Action No. 1:18-cv-02865-MLB | MDL No. 2804 |

**REPLY IN SUPPORT OF MOTION TO VACATE THE PANEL'S FEBRUARY 19, 2025 CONDITIONAL REMAND ORDER & THE PANEL'S FEBRUARY 19, 2025 ORDER VACATING ITS PRIOR REMAND ORDER FINALIZED ON DECEMBER 3, 2024**

**INTRODUCTION**

As Publix Super Markets, Inc. explained in its initial brief, two independent legal grounds bar the Panel from replacing its previously finalized remand order with a new order that narrows the scope of remand to just Cobb County's public nuisance cause of action: (1) the Panel has no power to vacate already-finalized remand orders, and (2) the County's various purported causes of action rest on the same facts and thus constitute a single "claim" which the Panel cannot split apart. The County's Response scarcely addresses either of these arguments—and the few points it does raise in opposition are wrong. Instead, the Response is a 21-page—a full page over the cap, JPML Rule 3.2(a)(iii)—exercise in missing the point. It devotes many pages to defending the reasonableness of the transferee court's decisions, but Publix's point is not that the transferee court (or the Panel) made an unreasonable judgment call; the point is that the Panel's February 19, 2025 orders transgress the statutory limits on its authority. Nor would complying with the statute, as the County asserts, "upend several years of work." Response at 12. It would not even prevent a public-nuisance-only trial. It would simply place *all* the County's causes of action before the transferor court. The limits on the Panel's authority require that result. The Panel should heed those limits.

## ARGUMENT

**I. The Panel Had No Authority to Vacate the December 3, 2024 Order Remanding the Entire Case to the Transferor Court**

**A. The Panel lacks the power to vacate a remand order once it is finalized**

With respect to the Panel's authority to vacate finalized remand orders, Cobb County leaves the critical points undisputed. The County does not contest Publix's observation that 28 U.S.C. § 1407 is the Panel's sole source of authority, *see* Mot. at 9–10 (citing Section 1407 and Multidistrict Lit. Man. §§ 3:1, 3:7, 10:3), and does not attempt to identify any language in Section 1407 that could possibly authorize vacatur of finalized remand orders, *see* Response at 17–18. Indeed, the County *does not cite any prior case* where the Panel has vacated a finalized remand order. Nor does the County address *In re Upjohn Co. Antibiotic Cleocin Products Liability Litigation*, a squarely on-point decision by a transferee court holding that it did not "retain[] jurisdiction" to reconsider a suggestion of remand after the Panel remanded the case to the transferor court. 508 F. Supp. 1020, 1021 (E.D. Mich. 1981). Cobb County's silence confirms that the Panel's *only* source of authority does *not* authorize vacatur of finalized remand orders. This point by itself warrants granting Publix's Motion.

Moreover, Publix's initial brief pointed out that caselaw addressing analogous Section 1404(a) transfers—which likewise cannot be vacated after they are finalized—further confirms that the Panel lacks authority to vacate finalized remand orders under Section 1407. Mot. at 11–13; *see also In re Plumbing Fixture Cases*, 298 F. Supp. 484, 488 (J.P.M.L. 1968) (construing Section 1407 and citing cases that "involved analogous questions of construction of the related Section 1404(a)"). And here again, Cobb County hardly responds. It does not dispute that district courts lack jurisdiction to vacate completed 1404(a) transfers. And it does not dispute that the

2

remand here was complete, and that jurisdiction vested exclusively in the transferor court, long before the Panel purported to vacate the finalized remand order. Response at 17–18.

Instead, the County's only reaction to this argument is to point to two inapposite decisions that reconsidered initial transfer orders—not remand orders. Response at 17–18 (citing *In re Helicopter Crash in Germany on Sept. 26, 1975*, 443 F. Supp. 447, 450 (J.P.M.L. 1978); *In re Petroleum Prods. Antitrust Litig.*, 419 F. Supp. 712, 715 (J.P.M.L. 1976)). The distinction between initial transfer orders and remand orders is significant, since the completion of an initial transfer order (unlike a remand order) plainly does *not* divest the Panel of jurisdiction: Section 1407 recognizes that the Panel's work in a case ends when the case is "remanded by the panel at or before the conclusion of such pretrial proceeding," which means the Panel retains jurisdiction over a case after its initial transfer *until the case is remanded*. 28 U.S.C. § 1407(a). Accordingly, the two decisions that Cobb County cites in no way detract from the critical point—that once a case is *remanded back to the transferor court*, the transferor court has exclusive jurisdiction, and neither the Panel nor the transferee court can reconsider the remand.

The parties agree that the Panel's original remand order was finalized well before the Panel's February 19, 2025 orders purported to vacate that original remand order and replace it with a new remand order. Because the Panel has no power to vacate finalized remand orders, it lacked authority to issue the February 19, 2025 orders. The Panel should vacate both of those orders and reinstate the original remand order that became final on December 3, 2024.

### B. The Panel's December 3, 2024 remand order remanded the entire case against Publix to the transferor court

As Publix has comprehensively demonstrated, the December 3, 2024 remand order remanded Cobb County's *entire* "action" against Publix, and did *not* separate and remand only the County's public nuisance cause of action; indeed, neither the Panel's remand order nor the

transferee court's suggestion of remand even mention the words "public nuisance." Mot. at 5–7. The County resists this conclusion, but it simply disregards the plain text of the suggestion of remand and the Panel's remand order. Rather, the County insists that "the only thing the MDL Court intended to be tried in the transferor court was whether Publix is liable to Cobb County for creating or contributing to a public nuisance in Cobb County, Georgia," and that the remand thus simply must have been limited to only the public nuisance cause of action. Response at 2. The County's contention, in addition to contradicting the actual words of the remand order, suffers from two further fatal defects.

First, it ignores that it is the Panel—not the transferee court—that orders remand. *See, e.g.*, 28 U.S.C. § 1407(a) (providing that cases transferred by the Panel for coordinated or consolidated pretrial proceedings "shall be remanded *by the panel*" (emphasis added)); *In re Roberts*, 178 F.3d 181, 184 (3d Cir. 1999) ("The statutory power to order a remand under § 1407(a) from the transferee district to the transferor district *lies in the Panel*, not the transferee district judge." (emphasis added)). The transferee court's unspoken "intentions" are therefore irrelevant. Regardless, the best indicator of the transferee court's intentions are the actual words it used in its suggestion of remand and subsequent "clarification"—and both of these orders specifically suggest remanding the County's "claims" (plural) without mentioning the single public nuisance cause of action (of which the transferee court was plainly aware). T8 Dkt. 90 at 1, 3; T8 Dkt. 93.

Second, Cobb County's argument depends entirely on eliding the critical distinction—which the County itself previously recognized, *see* MDL Dkt. 3734 at 2–3 n.2—between severance under Rule 21 (which creates distinct cases with their own appealable final judgments) and bifurcation under Rule 42 (which separates claims for trial but keeps them within a single case), *see* Mot. at 5–6 (collecting cases); *accord* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2387 &

n.2 (3d ed.) ("The procedure authorized by Rule 42(b) should be distinguished from severance under Rule 21. . . . Separate trials of claims originally sued upon together usually will result in the entry of one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently."). All agree that the transferee court *bifurcated* the causes of action in this case under Rule 42, ordering discovery and trial of the public nuisance cause of action to proceed while staying all remaining causes of action. Response at 8–10; *accord* Mot. at 4–5. That does not imply, however, that the transferee court thought only the public nuisance cause of action would be *remanded*; remanding all of the causes of action does not prevent the transferor court from *trying* only the public nuisance cause of action. After all, Publix has not objected to a public-nuisance-only trial; it has simply warned about the consequences of that approach and the lack of finality and appealability of a decision limited to the public nuisance cause of action.

      Publix's concern—and the practical upshot of its Motion—is simply that the transferor court retain jurisdiction to resolve *all* of Cobb County's causes of action. That will not "thwart," "undermine[]," or "throw out" the transferee court's "remand strategy," notwithstanding the County's baseless catastrophizing. Response at 6, 18, 21. On the contrary, the transferee court selected this case as a bellwether specifically to allow the Eleventh Circuit to "weigh in on these legal issues." MDL Dkt. 3685 at 10. And as Publix has explained, because the Eleventh Circuit interprets "claim" in Rule 54(b) to encompass multiple causes of action that, as here, seek substantially similar relief, placing all of the County's causes of action before the transferor court is essential to obtaining eventual appellate review. Mot. at 17 (citing *Scott v. Advanced Pharm. Consultants, Inc.*, 84 F.4th 952, 960 (11th Cir. 2023); *Lloyd Noland Found., Inc. v. Tenet Health*

*Care Corp.*, 483 F.3d 773, 780 (11th Cir. 2007); *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995)).

Cobb County attempts to contest this point, but it misunderstands the issue. It asserts that an order remanding only the public nuisance cause of action would mean "there is only one claim and one party on each side in the transferor court, [and] any judgment entered by the transferor court would have the effect of fully adjudicating the rights and liabilities of the parties." Response at 19. That is wrong. Remanding only the public nuisance cause of action would still leave the County's other (purported) causes of action *in the case* (albeit before a different judge); that means an order resolving the public nuisance cause of action would *not* constitute a full final "judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Cobb County is likewise wrong to assert that the transferor court could certify an order resolving the public nuisance cause of action as a partial final judgment under Rule 54(b): A district court can certify a partial final judgment for appeal under Rule 54(b) *only* if it has fully adjudicated "an entire 'claim,'" and an order resolving only the public nuisance cause of action would *not* fully adjudicate an entire claim because the County's other causes of action "seek[] substantially similar relief" and are thus "'*part of the same claim* under Rule 54(b).'" *Scott*, 84 F.4th at 960 (emphasis added; quoting *Lloyd Noland*, 483 F.3d at 780).* This is a jurisdictional rule that appellate courts "must consider . . . *sua sponte*," *id.* at 958, and that they must apply whether or not an appeal would

---

* Cobb County's Response *does not dispute* that its various purported causes of action seek substantially similar relief. Instead, it attempts to address *Scott* and *Lloyd Noland* by asserting that in those cases "the district court granted summary judgment on some claims, but not all." Response at 20. That again is wrong. The very point of *Scott* and *Lloyd Noland* is that the Eleventh Circuit lacked appellate jurisdiction because the district court did *not* fully adjudicate at least one entire "claim." As here, the plaintiffs in *Scott* and *Lloyd Noland* raised multiple causes of action seeking substantially similar relief; the Eleventh Circuit did "not have jurisdiction" because the district court failed to resolve all of these causes of action. *Scott*, 84 F.4th at 961; *see also Lloyd Noland*, 483 F.3d at 780–82.

be otherwise advisable; the County's observation that "this case is part of a vast MDL and has undergone years of pretrial activity . . . [and] has implications beyond simply the dispute between Cobb County and Publix," Response at 20, is therefore irrelevant. Obtaining appellate review will require resolving all of the County's causes of action which make up a single claim; this is why it makes good practical sense to ensure all of these causes of action are before a single court.

The Panel's original order remanding this entire case to the transferor court correctly applied Section 1407. The order was also consistent with the Panel's few prior remands in this MDL—yet another point the County does not contest. *See* Response at 13–16. That order had been finalized, and the transferor court had already resumed work on the case. The Panel thus had no authority to vacate the order. The Panel should reinstate the original remand order and allow this entire action to proceed in the transferor court.

## II. The County's Various Causes of Action Constitute a Single "Claim" That Cannot Be Partially Remanded

With respect to Publix's second dispositive argument, that the Panel's February 19, 2025 orders exceed the Panel's power to "separate . . . and remand" discrete "*claims*" before the remainder of the action is remanded," 28 U.S.C. § 1407(a), the County says nothing at all. Over the course of eight pages, Publix's initial brief methodically walked through this argument: It explained that Section 1407 limits the Panel to separating discrete "claims," that "claim" is a term of art with a recognized meaning going back more than 80 years which Congress intentionally adopted in enacting Section 1407, that under this well-established meaning separate causes of action constitute a single "claim" where they arise out of the same underlying operative facts, and that the County's various causes of action all arise out of the same operative facts and thus constitute a single, indivisible claim. Mot. at 13–20 (citing, *inter alia*, *In re Plumbing Fixture Cases*, 298 F. Supp. at 489–93 & n.1; *George v. McDonough*, 596 U.S. 740, 746 (2022); *Original*

7

*Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir. 1943); *Sherrod v. Wal-Mart Stores, Inc.*, 103 F.4th 410, 413 (6th Cir. 2024)).

Remarkably, the County *does not dispute any of these points*. Instead, it offers only mischaracterization, wrongly asserting that "Publix's argument [is] that the Panel may not remand only certain 'claims' to the transferor court and must instead remand the entire 'action.'" Response at 5. As Publix has made inescapably clear, it agrees that Section 1407 authorizes the Panel to separate and remand a specific "claim." Publix's point is that "claim" means the same thing in Section 1407 that it means elsewhere in the U.S. Code and Federal Rules—and that under that definition the County's causes of action constitute a *single* claim that the Panel cannot further subdivide. The County offers no response whatsoever to the overwhelming textual, precedential, and historical evidence establishing this point because there is none.

As the Panel explained in *Plumbing Fixture Cases*, one of its earliest decisions:

> [I]n federal civil procedure, the *claim for relief is the irreducible legal unit* for purposes of venue and jurisdiction by a single court at a particular time. This *unitary concept of the claim for relief* permits transfer of the claim for relief from one district court to another as in case of a transfer under Sections 1404(a), or 1407. But *in no such separation and transfer is contemporaneous dual control by two or more district courts of a single claim for relief (or separate issues thereof) permissible* in the federal system.

298 F. Supp. at 495 (emphases added).

Cobb County's various purported causes of action are all based on the same factual allegations and thus constitute a single claim. The Panel's February 19, 2025 orders would split that claim, sending part to the transferor court and keeping the rest with the transferee court. The plain text of Section 1407 and the Panel's own caselaw confirm that the law bars the Panel from taking this approach. For this additional, undisputed, independently sufficient reason, the Panel

8

should vacate its February 19, 2025 orders and restore its original order remanding Cobb County's entire action to the transferor court.

## CONCLUSION

For the foregoing reasons, Publix respectfully requests that the Panel vacate its February 19, 2025 orders and thereby reinstate its earlier order (finalized on December 3, 2024) remanding Cobb County's entire action to the transferor court.

Dated: April 9, 2025

Respectfully submitted,
*/s/ Kian J. Hudson*
Kian J. Hudson
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 229-3111
kian.hudson@btlaw.com

*Counsel for Publix Super Markets, Inc.*